# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

TONYA BOWLES, for herself
and all those similarly situated,
    Plaintiffs,

v.

COUNTY OF WAYNE by its BOARD
OF COMMISSIONERS also sometimes
known as CHARTER COUNTY
OF WAYNE by its BOARD OF
COMMISSIONERS,

    and

ERIC R. SABREE, in his official
capacity,
    Defendants

_____/

Case No. 23-cv-10973
Hon. Linda V. Parker

**AMENDED COMPLAINT**[1]
**(JURY DEMANDED)**

**\*\* CLASS ACTION \*\***

## AMENDED CLASS ACTION COMPLAINT[2]

_____

[1] This filing is being made as required by the order of this Court. See Case 2:23-cv-10973-LVP-KGA, ECF No. 1, PageID.3-4 (requiring the "fil[ing] of an amended complaint in that new case, *which will not contain any new claims nor parties and be directed against the Wayne County defendants only*"). However, a motion for leave to further amend the complaint will be filed shortly to streamline the various consolidated cases and claims into a single pleading for this case.

[2] Defendant Sabree was previously sued in his personal capacity but the same is not re-pled due to the Court already ruling on the same. See Case No. 20-cv-12838, ECF No. 47; see also Case No. 23-cv-10973, ECF No. 1 ("All prior rulings of the Court in this matter will be applicable in the severed case and all appellate rights shall be preserved…"). The Court has also dismissed the Fifth Amendment "arising under" claim (formerly Count II); the direct Michigan constitutional takings claim (formerly Count IV); and the Eighth Amendment Excessive Fines claim (formerly Count V). *Id.* Such is not re-pled in this pleading but it is not a waiver or abandonment of the claim(s). Each have been fully preserved for any potential appeal in the future or reconsideration based on additional decisions of the Sixth Circuit and United States Supreme Court. See Mike Chak Hin Tsoi, *Raise It (Again) Or Waive It, Preserving Claims for Appellate Review When They Are Dismissed With Leave to Amend*, 38 Wm Mitchell L Rev 1406 (2012) (available at https://open.mitchellhamline.edu/cgi/viewcontent.cgi?article=1469&context=wmlr).

1

NOW COMES Plaintiff TONYA BOWLES, both individually and as representative of a class of those individuals and entities similarly situated separately in Wayne County, Michigan, by and through counsel, and assert the following complaint—

## INTRODUCTION

1.     This is a case of gross governmental abuse that cries out for a remedy. Defendants have illegally seized property in the form of excess/surplus equity from private individuals and entities without any compensation at all.

2.     The abuse stems from the aftermath following the counties' tax foreclosure process. Michigan law generally authorizes counties to foreclose on parcels in order to satisfy outstanding unpaid property taxes. But these defendant counties and its named officials abuse this process. They do not foreclose on the parcel, sell it, keep the amount of outstanding taxes plus reasonable fees, and return the rest to the property owner. Rather, they foreclose, sell the property at a reduced amount, and keep *all* of the proceeds and excess/surplus equity for itself. As a result, property owners lose the entire value of their property, which is often orders of magnitude more than the outstanding tax bills.

## PARTIES

3.     Plaintiff TONYA BOWLES is named directly and as a proposed class representative by being the former owner of real improved property in Wayne County, Michigan which was foreclosed upon due to a tax delinquency but was injured by the unconstitutional similar acts or actions of the defendants via their unconstitutional retention of surplus or excess equity. Ms. Bowles with all the fellow members of the class of former property owners from Wayne County are collectively referred to herein as the "Wayne-County Plaintiffs."

4.     Defendant COUNTY OF WAYNE by its BOARD OF COMMISSIONERS also sometimes known as CHARTER COUNTY OF WAYNE by its BOARD OF COMMISSIONERS is a named legal entity formed and/or existing under the laws of the State of Michigan and is controlled or operated by its duly designated Board of Commissioners.

5.     Defendant ERIC R. SABREE is a public official serving as the duly elected county treasurer of Wayne County, Michigan; he has been sued in both capacities but due to his dismissal in his personal capacity, he is being sued in his official capacity by this amended pleading.

3

6.     Collectively, Defendant ERIC R. SABREE (official capacity) and Defendant COUNTY OF WAYNE by its BOARD OF COMMISSIONERS are collectively referred to herein as the "Wayne-County Defendants."

## JURISDICTION

7.     This is a civil action brought seeking unpaid "just compensation" and other monetary damages against Defendants for violations of the United States Constitution.

8.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331, which authorizes federal courts to decide cases concerning federal questions; 28 U.S.C. § 1343 and 42 U.S.C. § 1983, which authorizes federal courts to hear and decide civil rights cases; 28 U.S.C. § 2201, which authorizes declaratory judgments via the Declaratory Judgment Act; and 28 U.S.C. § 1367, which authorizes supplemental state law claims.

9.     Venue is proper in this Court as Defendants conduct or have conducted their business in the Eastern District of Michigan.

## GENERAL ALLEGATIONS
## MICHIGAN'S TAX FORECLOSURE PROCESS

10.    Like many states, Michigan provides for the taxation of real property in order to finance local governments such as counties, municipalities, and school districts and the collection of delinquent taxes.

11.    However, this case involves what happens after the taxation process is completed and excess or surplus equity remans after each county is paid in full for all delinquent taxes, interest, penalties, and fees.

12.    Defendants administer a foreclosure-and-auction process so that after they regularly sell a parcel at auction (often times for less than its fair market value), they retain the *entire* amount of the proceeds. Furthermore, even if the sale proceeds exceed the amount of the delinquent taxes – indeed, even if the proceeds far exceed the tax bill – they do not return any of the excess to the property's former owner or provide compensation for that portion of the equity destroyed by underselling the parcel.

## GENERAL ALLEGATIONS

### *The East State Fair Property*

13.    Plaintiff Tonya Bowles was the owner of the real property commonly known as 14730 East State Fair, Detroit, Michigan, being Parcel No. 21024081 (hereinafter the "East State Fair Property").

14.    On or around March 29, 2017, Defendant Eric R. Sabree, as the duly elected treasurer of Wayne County, successfully petitioned for and seized ownership of the East State Fair Property through a judgment of foreclosure on behalf of Defendant County of Wayne.

15. The East State Fair Property had a fair market value of $36,600.00.

16. The Wayne-County Defendants sold the East State Fair Property at tax auction to a private buyer on or around November 11, 2014 for $14,000.00.

17. The sale price for the East State Fair Property was far below the fair market value but above the Tax Delinquency.

18. The Wayne-County Defendants seized Plaintiff Tonya Bowles' equity in the East State Fair Property by foreclosing upon said property, selling it at auction for an amount much lower than its fair market value, but still far more than the Tax Delinquency, and failing to return any of the equity to her.

19. The Wayne-County Defendants did not afford any process, plan, or legal mechanism for Plaintiff Tonya Bowles to seek or achieve the return of the equity seized.

20. Thus, the Wayne-County Defendants took or destroyed all of Plaintiff Tonya Bowles' Equity in the East State Fair Property.

21. The Wayne-County Defendants refused and refuse to pay just compensation for Plaintiff Bowles' equity in the East State Fair Property.

22.     The Wayne-County Defendants also have failed to provide any mechanism at all for any such compensation.

23.     The Wayne-County Defendants failed to initiate any condemnation action or process for Plaintiff Tonya Bowles' equity in the East State Fair Property.

24.     In addition to the East State Fair Property, the Wayne-County Defendants have, in an identical fashion as outlined above, seized other pieces of real property within Wayne County from other individuals and entities.

**GENERAL ALLEGATIONS**
**THE CONDUCT AT ISSUE HERE REFLECTS COUNTY POLICY**

25.     The actions described herein is the respective voluntary policy, custom, and/or practice of Wayne County, and/or its final policymaker.

26.     Each had a voluntary policy and/or practice sufficient to impose damages and other relief pursuant to *Monell v New York City Department of Social Services*, 436 U.S. 658 (1978), and its progeny.

27.     Specifically, the Wayne County Defendants each made the affirmative, voluntary, and discretionary decision to select and designate its own treasurer to act as the Foreclosing Governmental Unit. See MCL 211.78(3)-(6).

28. Moreover, the Wayne County Defendants, either through enactment of laws or regulations, official agency or governmental entity policy, and/or actions taken by an official or officials with final decision-making authority has administered the County's foreclosure and auction process generally, including MCL 211.78m(8), so that after the each county respective sells a parcel at auction, the respective county retains the entire amount of the proceeds, even if the proceeds exceed the amount of the tax delinquency, and never returns anything to the property owner, nor provides any mechanism by which the property owner can secure a return of his, her, or its equity.

29. According, the actions at issue here were undertaken pursuant to an official county policy for purposes of *Monell*.

30. The actions of the Wayne County Defendants were designed to intentionally or wantonly cause harm due to the utter disregard of constitutionally protected rights.

## CLASS ALLEGATIONS

31. This action is brought by Plaintiff, individually and on behalf of all other respective individuals and entities during the relevant statutorily-limited time period who were subject to the same unconstitutional processes by the

Wayne County Defendants which resulted in the taking and/or unconstitutional forfeiture of their surplus or excess Equity.

32.    The proposed class consists of all the owners of real property in Wayne County whose real property, during the relevant time period, was seized through a real property tax foreclosure by the respective Defendants and which was worth and/or sold at tax auction for more than the total tax delinquency and was not refunded the excess equity.

33.    The number of persons who have been injured by the practices discussed herein is sufficiently numerous to make class action the most practical method to secure redress for the injuries sustained and to provide class wide equitable relief.

34.    There are clear questions fact raised by the named Plaintiffs' claims common to, and typical of, those raised by the class they seek to represent, including:

> a. Wayne County and its treasurer is and have been acting to voluntarily enforce an unconstitutional but locally administered statute which it has willingly assumed to undertake pursuant to its discretion under MCL 211.78;

b. each class member's property, prior to foreclosure, was worth and was sold for more than the total Tax Delinquency owed to the counties and/or its treasurers;

c. each class member's property had a fair market value greater than the total Tax Delinquency owed to the counties and/or its treasurer;

d. Defendants destroyed thousands of dollars of Equity when selling each class member's property at a highly reduced, below fair market value price;

e. Defendants then kept the excess sales proceeds (i.e. the difference between the tax sale price and the total tax delinquency owed) for the benefit of the respective counties; and

f. Defendants refuse to pay just compensation, failed to initiate any form of condemnation proceedings, or has failed to have or undertake a process to return the surplus Equity.

35.    There are clear questions of law raised by the named Plaintiff's claims common to, and typical of, those raised by the class they seek to represent, including—

a. whether MCL 211.78m forbids the defendants from returning Equity to class members;

10

b.  whether, if MCL 211.78m does entail such a prohibition, the statute is facially unconstitutional;

c.  whether the defendants committed an unconstitutional taking by refusing to pay just compensation when seizing Equity beyond the amount of unpaid taxes and administrative expenses, costs and interest owed in a tax delinquency, and have appropriated property in the form of excess or surplus equity for public use without the payment of just compensation in violation of the Fifth and Fourteenth Amendments to the United States Constitution; and

d.  whether Defendants committed an inverse condemnation by destroying equity via the seizure process and/or the later sale of property at a highly reduced, below fair market price and then retaining the remaining proceeds from the sale of tax foreclosed property that exceeded the amount of the tax delinquency in accordance with MCL 211.78m(8)(h); and

e.  if deemed a forfeiture, whether Defendants violated either the Excessive Fines Clause of the United States Constitution by retaining proceeds from the sale of tax foreclosed property that

exceeded the amount of the tax delinquency in accordance with MCL 211.78m(8)(h);

36. The violations of law and resulting harms alleged by the named Plaintiff are typical of the legal violations and harms suffered by all class members in their respective counties.

37. Plaintiff, as class representative, will fairly and adequately protect the interests of the class members of Wayne County and will vigorously prosecute the suit on behalf of the class; and is represented by highly experienced counsel.

38. The maintenance of the action as a class action will be superior to other available methods of adjudication and will promote the convenient administration of justice, preventing possible inconsistent or varying adjudications with respect to individual members of the class and/or one or both of Defendants.

39. The Wayne County Defendants have acted, failed to act, and/or are continuing to act on grounds generally against Plaintiff and all members of the class in the same manner within their respective counties.

40. The violations of law and resulting harms alleged by the named Plaintiff are typical of the legal violations and harms suffered by all class members in their respective counties.

**COUNT I**
**TAKING – FIFTH/FOURTEENTH AMENDMENT VIOLATION**
**42 U.S.C. § 1983 (*KNICK*)**
**(AGAINST WAYNE COUNTY DEFENDANTS)**

41.    The prior paragraphs are restated word for word herein.

42.    This claim is being made by Plaintiff Tonya Bowles, individually and as class representative, against the Wayne-County Defendants pursuant to 42 U.S.C. § 1983 and § 1988.

43.    The Fifth Amendment, made applicable to the states via the Fourteenth Amendment, is a constitutional provision and right requiring the payment of just compensation upon a taking by the defendants. See *Knick v Township of Scott*, 588 U.S. __ (2019).

44.    The Wayne-County Defendants have taken the Wayne-County Plaintiff's and the class members' property interests in the form of Equity and have appropriated this property for public use without the payment of just compensation in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

45.    The Wayne-County Defendants has refused to take any action for the payment of just compensation for their seizure of Equity from the Wayne-County Plaintiffs.

46.    By the Wayne-County Defendants' refusal to take any action for the payment of just compensation at the time of the taking, the Wayne-

County Defendants has deprived the Wayne-County Plaintiffs of their constitutional right to just compensation in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

47.    The taking of the Wayne-County Plaintiffs' property also violates 42 U.S.C. § 1983 and § 1988. The Wayne-County Plaintiffs are entitled to all relief provided by these statutes.

48.    The Wayne-County Defendants have not paid just compensation.

49.    The Wayne-County Defendants will not now pay just compensation.

50.    The Wayne-County Defendants do not intend to pay just compensation in the future.

51.    The Wayne-County Plaintiffs have been injured and have suffered damages.

**COUNT II**
**STATE LAW – INVERSE CONDEMNATION**
**(AGAINST COUNTY OF WAYNE AND SABRE-OFFICIAL CAPACITY)**

52.    The prior paragraphs are restated word for word herein.

53.    This claim is being made by Plaintiff Tonya Bowles, individually and as class representative, against the Wayne-County Defendants.

54.     The Wayne-County Defendants has taken Wayne-County Plaintiffs' property interests in the form of Equity and have appropriated this property for public use without the payment of just compensation.

55.     The Wayne-County Defendants has done so without using any direct condemnation processes, including those outlines under the Uniform Condemnation Procedures Act, MCL 213.51, et seq.

56.     The Wayne-County Defendants has not and will not provide the Wayne-County Plaintiffs any opportunity to claim the equity in their properties after the seizure and/or later sale of their respective property, nor do the Wayne-County Defendants provide or have a process for the Wayne-County Plaintiffs to claim compensation at the time the Wayne-County Defendants seized title to taken property interests.

57.     The Wayne-County Defendants has not paid just compensation.

58.     The Wayne-County Defendants will not now pay just compensation.

59.     The Wayne-County Defendants does not intend to pay just compensation in the future.

60.     An inverse condemnation with damages has occurred.

61.     The Wayne-County Plaintiffs have been injured and have suffered damages.

**RELIEF REQUESTED**

62.     WHEREFORE, Plaintiffs respectfully request this Court to enter

an order:

a.      declaring the conduct of Defendants as being unconstitutional
        under the federal and state constitutions, even if being
        undertaken consistent with the General Property Tax Act;

b.      for an award of any and all damages available under law as
        applicable, including but not limited to an award of nominal and
        punitive damages as is deemed proper against any or all
        Defendants in all relevant capacities;

c.      for an award of interest as provided in *Knick v Township of Scott*;

d.      for an award of attorney fees and expenses pursuant to all
        applicable laws, rules, and statutes; and

e.      for all such other legal and equitable relief which the Court deems
        proper.

**JURY DEMAND**

63.     For all triable issues, a jury is hereby demanded.

16

Date: June 1, 2023                RESPECTFULLY SUBMITTED:

/s/ Philip L. Ellison
OUTSIDE LEGAL COUNSEL PLC
PHILIP L. ELLISON (P74117)
PO Box 107
Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com

MATTHEW E. GRONDA (P73693)
PO Box 70
St. Charles, MI 48655
(989) 233-1639
matt@matthewgronda.com

SHEA LAW, PLLC
DAVID J. SHEA (P41399)
ASHLEY D. SHEA (P82471)
26100 American Dr., Suite 200
Southfield, MI 48034
(248) 354-0224
david.shea@sadplaw.com
ashley.shea@sadplaw.com

LAW OFFICES OF AARON D. COX, PLLC
AARON D. COX (P69346)
23820 Eureka
Taylor, MI 48180
(734) 287-3664
aaron@aaroncoxlaw.com

MARK K. WASVARY, P.C.
MARK K. WASVARY (P51575)
2401 W. Big Beaver Rd., Suite 100
Troy, MI 48084
(248) 649-5667
markwasvary@hotmail.com

*Counsel for Plaintiffs and Certified Class*

17

## CERTIFICATE OF SERVICE

I hereby certify that on the date stated below, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notice of and a copy of such filing to counsel of record at their email address(es) of record.

Date: June 1, 2023                    RESPECTFULLY SUBMITTED:

/s/ Philip L. Ellison
OUTSIDE LEGAL COUNSEL PLC
PHILIP L. ELLISON (P74117)
PO Box 107
Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com