UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TONYA BOWLES, for herself and all
those similarly situated,

    Plaintiff,

v.

COUNTY OF WAYNE by its BOARD
OF COMMISSIONERS also
sometimes known as CHARTER
COUNTY OF WAYNE by its BOARD
OF COMMISSIONERS; ERIC R.
SABREE, in his official capacity,

    Defendants.

Case No. 23-10973

Honorable Linda V. Parker

Magistrate Judge Kimberly G. Altman

## STIPULATED PROTECTIVE ORDER REGARDING RESTRICTED DOCUMENTS PRODUCED FOR PURPOSES OF MEDIATION

The parties wish to enter into a protective order to facilitate the production of certain information that they believe will be useful for both sides to have during their preparation and participation in the upcoming mediation. Specifically, Defendants have prepared electronic records solely for the purpose of this litigation and for use in the mediation. The records also contain personal and sensitive information concerning Wayne County taxpayers, which Defendants wish to respect and protect as it is personal to the taxpayers whose information is listed in the documents.

Plaintiffs' Counsel – Interim Lead Class Counsel in *Bowles* and their co-counsel appearing in the consolidated cases (Mark Wasvary, Matthew Gronda, Philip Ellison, Donovan Visser and Donald Visser, together "Other Plaintiffs' Counsel") – seek access to certain data in order to prepare for and participate in the parties' upcoming mediation. The data is contained in the above-mentioned records.

Interim Lead Class Counsel and Defendants now stipulate and agree to this protective order, which shall govern the documents and data produced in connection with the mediation in this case.

To that end, Interim Lead Class Counsel and Defendants stipulate and agree to the following:

IT IS HEREBY ORDERED that:

1. Defendants shall designate those documents that it considers to be subject to this Protective Order by stamping the documents as "Confidential – Restricted to Interim Lead Class Counsel Only."

2. All documents stamped as "Confidential – Restricted to Interim Lead Class Counsel Only," and all copies thereof shall be subject to the terms of this Protective Order. Documents so marked are collectively referred to as the "Restricted Documents."

3. The Restricted Documents, produced by Defendants to Interim Lead

Class Counsel (David Shea, Aaron Cox, and Jason Thompson)[1], and their legal staff, are not used for any purpose unrelated to the mediation of this lawsuit.

4. The Restricted Documents shall be retained by Interim Lead Class Counsel and may be disclosed only by and between their offices, excepting Cynthia Stephens, who is serving as mediator, and to those on her staff.

5. However, Interim Lead Class Counsel may disclose to a Party Plaintiff only information in Restricted Documents directly concerning the property or the foreclosure sale relating to that Party Plaintiff.

6. Interim Lead Class Counsel shall hold the Restricted Documents in confidence, keep them in a secure location, and ensure that no one other than those permitted by Paragraphs 3 and 4 above has access to them.

7. Notwithstanding the above restrictions, Other Plaintiffs' Counsel shall have, through Interim Lead Class Counsel only, full access to the *data* in Restricted Documents, such as total number of properties and any related financial data.

8. Restricted Documents may be exempted from the terms of this Order by stipulation of counsel for all parties or further order of this Court. Furthermore, no party is waiving its right to seek unrestricted access, or further protections, as to Restricted Documents simply based upon stipulation to this Order.

---

[1] *See* ECF No. 5, Order Appointing Interim Class Counsel in Consolidated Matters.

9. Within 30 days after completion of mediation, counsel for Defendants may make a written request to Interim Lead Class Counsel directing that all Restricted Documents, all copies thereof, and all indices, transcriptions, listings, and summaries thereof be returned to Defendants' counsel within 30 days. Within that 30-day period, and after the return or destruction of Restricted Documents and information pursuant to this paragraph, Interim Lead Class Counsel shall provide written confirmation that all Restricted Documents and information have been returned or destroyed.

10. Notwithstanding Paragraph 9, Interim Lead Class Counsel are not required to destroy work product, legal memoranda, or expert opinion letters that may contain references to or information summarized from the Restricted Documents, and all such memos and correspondence may be retained in Interim Lead Class Counsels' files. However, the confidentiality of the information contained therein is to be protected in accordance with the terms of this Order.

11. The terms of this Order shall remain in full force and effect until Interim Lead Class Counsel have complied with their obligations under Paragraph 9, or as may be extended by joint agreement of the parties, or by order of this Court

upon motion of a party.

**SO ORDERED**.

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: July 26, 2023

**SO STIPULATED:**

| | |
|---|---|
| */s/ Jason J. Thompson* | */s/ Nasseem S. Ramin* |
| Jason J. Thompson (P47184) | Nasseem S. Ramin (P73513) |
| *Interim Lead Class Counsel* | *Counsel for Defendants* |

Dated:  July 25, 2023