UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW SANDERS and
BRIANNE SANDERS,

       Plaintiffs,

v.

                                 Case No. 23-cv-10789
                                 Honorable Linda V. Parker

COUNTY OF WAYNE, et al.,

       Defendants.

_____/

## ORDER CONSOLIDATING CASE

Federal Rule of Civil Procedure 42(a) authorizes consolidation of actions that involve a common question of law or fact.  Whether a case should be consolidated is a matter within the discretion of the trial court.  *See Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993).  "The objective of consolidation is to administer the court's business with expedition and economy while providing justice to the parties."  *Gamboa v. Ford Motor Co.*, 381 F. Supp. 3d 853, 866 (E.D. Mich. 2019) (citing *Advey v. Celotex Corp.*, 962 F.2d 1177, 1181 (6th Cir. 1992)).  Courts weigh the interests of judicial economy against the potential for new delays, expense, confusion, or prejudice.  *See Banacki v. OneWest Bank, FSB*, 276 F.R.D. 567, 571 (E.D. Mich. 2011).

The present matter and *Bowles v. Sabree*, Case No. 23-cv-10973, share common questions of law and fact as they both stem from alleged actions by Wayne County in retaining surplus proceeds or equity from the former owners of tax foreclosed properties, and the constitutionality of those actions under *Rafaeli, LLC v. Oakland County*, 952 N.W.2d 434 (Mich. 2020).  Consolidation will promote judicial economy and parties will not be prejudiced.

Accordingly,

**IT IS ORDERED** that the Clerk of the Court shall **CONSOLIDATE** this matter with *Bowles v. Sabree*, Case No. 23-cv-10973.

s/ Linda V. Parker_____
LINDA  V. PARKER
U.S. DISTRICT JUDGE

Dated: October 26, 2023