UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TONYA BOWLES, for
herself and all those similarly
situated,

      Plaintiffs,

v.

ERIC R. SABREE and
COUNTY OF WAYNE BY ITS
BOARD OF COMMISSIONERS
also sometimes known as CHARTER
COUNTY OF WAYNE BY ITS
BOARD OF COMMISSIONERS,

      Defendants.
_____/

Case No. 23-cv-10973
Honorable Linda V. Parker

## **OPINION AND ORDER DENYING PLAINTIFFS' EMERGENCY MOTION FOR PRELIMINARY INJUNCTION**

This matter is presently before the Court on Plaintiffs' emergency motion for an order enjoining two cases pending in the Circuit Court for Wayne County, Michigan: *Purnell, et al. v Wayne County, et. al.*, Case No. 20-009074-CZ (filed July 20, 2020), and *Sangster v. County of Wayne, et al.*, Case No. 20-005048 (filed April 8, 2020).  (ECF No. 28.)  Plaintiffs ask the Court to issue an injunction before upcoming hearings scheduled in the state court on February 9, 2024. Because the Anti-Injunction Act, 28 U.S.C. § 2283, precludes federal courts from

staying state-court proceedings and this matter does not fall within the act's exceptions, the Court is denying Plaintiffs' motion.

The All Writs Act, 28 U.S.C. § 1651(a), empowers the federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." The Anti-Injunction Act is a restraint on that power, prohibiting federal courts from staying state-court proceedings "except [1] as expressly authorized by Act of Congress, or [2] where necessary in aid of its jurisdiction, or [3] to protect or effectuate its judgments." 28 U.S.C. § 2283. The Anti-Injunction Act "is an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of its three specifically defined exceptions." *Hanover Am. Ins. Co. v Tattooed Millionaire Ent., LLC*, 38 F.4th 501, 505 (6th Cir. 2022) (quoting *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970)) (ellipsis and brackets omitted).

"Any doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy." *Atl. Coast Line R.R. Co.*, 398 U.S. at 297. "The [Anti-Injunction] Act's 'message is one of respect for state courts,' namely that they should 'remain free from interference by federal courts.'" *Hanover Am. Ins. Co.*, 38 F.4th at 505 (quoting *Smith v. Bayer Corp.*, 564 U.S.

2

299, 306 (2011)). "As a result, its exceptions 'are narrow' and should not 'be enlarged by loose statutory construction.'" *Id*. (quoting *Smith v. Bayer Corp.*, 564 U.S. at 306).

Plaintiffs maintain that 42 U.S.C. § 1983 expressly authorizes an injunction as it makes the federal government "a guarantor of basic federal rights against state power." (ECF No. 28 at PageID. 322 (quoting *Mitchum v. Foster*, 407 U.S. 225, 239 (1972).) However, § 1983 does not authorize federal courts to enjoin a state-court action simply because the federal action is brought under the statute. Instead, as *Mitchum* illustrates, an injunction is permissible *if* the state court proceedings, *themselves*, threaten civil rights violations. See *Mitchum*, 407 U.S. at 227 (plaintiff brought a federal § 1983 action to enjoin state prosecutor's state-court action to shut down the plaintiff's bookstore, contending that the prosecutor's actions violated the plaintiff's federal civil rights); *see also Gibson v. Berryhill*, 411 U.S. 564 (1973) (action by licensed optometrists seeking to stop hearings before state board of optometry on charges of unprofessional conduct, claiming the state statutory scheme regulating the practice of optometry was unconstitutional); *Honey v. Goodman*, 432 F.2d 333 (6th Cir. 1970) (plaintiffs sought to enjoin state prosecutions pursuant to a statute which they claimed violated their First Amendment rights).

3

The state court proceedings Plaintiffs seek to enjoin do not threaten anyone's civil rights. To the contrary, both the federal and state actions were brought to enforce or protect individual's property rights. Notably, § 1983 entrusts federal *and* state courts "with providing a forum for the vindication of federal rights violated by state or local officials acting under color of state law[.]" *Haywood v. Drown*, 556 U.S. 729, 735 (2009) (citations omitted). Thus, the first exception to the Anti-Injunction Act is not applicable here. The second exception is not applicable either.

The Sixth Circuit has made clear that the act's "necessary in aid of its jurisdiction" exception applies in only two instances: "1) when the case is removed from state court or 2) where the federal court has in rem or quasi in rem jurisdiction over specific property."[1] *Hanover Am. Ins. Co.*, 38 F.4th at 508. The

---

[1] Plaintiffs cite *In re Prudential Ins. Co. of Am. Sales Practice Litig.*, 314 F.3d 99 (3d Cir. 2002), where the court did rely on this second exception. However, unlike the present matter, the case fell within the removal category. *Id.* at 100. More significantly, the Third Circuit concluded that permitting cases like the enjoined action threatened to upset a settlement of an eight-million-member class action. *Id.* at 104. Thus, the third exception to the Anti-Injunction Act also applied.

A similar scenario was presented in *Lorillard Tobacco Company v. Chester, Willcox & Saxbe*, 589 F.3d 835 (6th Cir. 2009). There, the Sixth Circuit found a federal class action "analogous to an in rem action" because it was an interpleader action resulting in the deposit of funds with the court, the distribution of which was challenged in the state court litigation. *Id.* at 848-49. Further, the federal court settlement included an injunction barring the parties from bringing claims related to the subject matter of the settlement agreement. *Id.* at 847. The present case is clearly distinguishable.

present action fits neither category. It was not removed from state court and is not an in rem or quasi in rem matter. "In rem proceedings encompass any action brought against a person in which the essential purpose is to determine title to or affect interests in specific property located within the territory over which the court has jurisdiction." *Id*. (quoting 1 Am. Jur. 2d *Actions* § 29 (May 2022 Update)). The third exception to the Anti-Injunction Act does not apply here, either.

This third exception, permitting injunctions necessary "to protect or effectuate [the court's] judgments," 28 U.S.C. § 2283, is "commonly referred to as the 'relitigation exception' to the Anti-Injunction Act," *Huguley v. Gen. Motors Corp.*, 999 F.2d 142, 145 (6th Cir. 1993). This exception "is intended to implement 'well-recognized concepts of res judicata and collateral estoppel[,]'" *202 North Monroe, LLC v. Sower*, 850 F.3d 265, 271 (6th Cir. 2017) (quoting *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 147 (1988)). It "applies only as necessary to protect or effectuate a federal court judgment[.]" *Id.* (quoting *Hatcher v. Avis Rent-A-Car, Inc.*, 152 F.3d 540, 543 (6th Cir. 1998)). "[T]o apply, the claim or issue raised in state court must have been previously presented to and actually decided by a federal court." *Id.* at 271-72 (quoting *Chick Kam Choo*, 486 U.S. at 147). "Additionally, the parties in the state proceeding must be bound by the prior federal judgment." *Id*. at 272 (citing *Smith v. Bayer Corp.*, 564 U.S. 299, 312 (2011)).

5

There is no judgment in the present action to protect or effectuate. Moreover, as Defendants point out (ECF No. 30 at PageID. 343), the state court actions are being pursued by individuals who are expressly excluded from the Class certified here (*see* ECF No. 47).

For these reasons, the Court concludes that the Anti-Injunction Act precludes the relief Plaintiffs seek in their motion.

Accordingly,

**IT IS ORDERED** that Plaintiffs' emergency motion for an injunction enjoining state court proceedings (ECF No. 28) is **DENIED**.

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: February 5, 2024