## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

TONYA BOWLES, et al,
    Plaintiffs,

    v.

COUNTY OF WAYNE, et al,
    Defendants

_____/

Case No. 23-cv-10973
Hon. Linda V. Parker

**REPLY**

DAVID J. SHEA (P41399)
ASHLEY D. SHEA (P82471)
Shea Law, PLLC
Counsel for Plaintiffs
26100 American Dr., Suite 200
Southfield, MI 48034
(248) 354-0224
david.shea@shealawpllc.com
ashley.shea@shealawpllc.com

AARON D. COX (P69346)
Law Offices of Aaron D. Cox, PLLC
Counsel for Plaintiffs
23820 Eureka Rd.
Taylor, MI 48180
(734) 287-3664
aaron@aaroncoxlaw.com

MARK K. WASVARY (P51575)
Mark K. Wasvary, P.C.
Counsel for Plaintiffs
2401 W. Big Beaver Rd., Suite 100
Troy, MI 48084
(248) 649-5667
markwasvary@hotmail.com

THEODORE W. SEITZ (P60320)
NASSEEM S. RAMIN (P73513)
Dykema Gossett PLLC
Attorneys for Wayne Defendants
400 Renaissance Center, 37fl
Detroit, MI 48243
(313) 568-6800
tseitz@dykema.com
nramin@dykema.com

DONALD R. VISSER (P27961)
DONOVAN J. VISSER (P70847)
Visser & Associates PLLC
Counsel for Plaintiffs
2480 44th St SE Ste 150
Kentwood, MI 49512
(616) 531-9860
don@visserlegal.com
donovan@visserlegal.com

MATTHEW E. GRONDA (P73693)
Counsel for Plaintiffs
4800 Fashion Sq Blvd, Ste 200
Saginaw, Michigan 48604
(989) 233-1639
matt@matthewgronda.com

PHILIP L. ELLISON (P74117)
Outside Legal Counsel PLC
Counsel for Plaintiffs
PO Box 107
Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com

JASON J. THOMPSON (P47184)
KATHRYN E. MILZ
Sommers Schwartz
Counsel for Plaintiffs
One Towne Square, 17th Floor
Southfield, MI 48076
(248) 355-0300
jthompson@sommerspc.com
kmilz@sommerspc.com

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO EXPAND
CERTIFIED CLASS AND TO ADD PLAINTIFF REPRESENTATIVES**

**REPLY**

Class actions are creatures that can change, and regularly do, as the case works its way through the litigation process. It is black-letter law that this Court "has the power to amend the class definition at _any time_ before judgment." _Hicks v. State Farm Fire and Cas. Co._, 965 F.3d 452, 462 (6th Cir. 2020). It is proper even if it takes "multiple amendments." _Powers v. Hamilton Cty. Pub. Def. Comm'n_, 501 F.3d 592, 619 (6th Cir. 2007).

The Rule 23(f) petition to Sixth Circuit was granted because, in the panel's view, "_Tarrify_ presents a significant obstacle to class certification." _In re Sabree_, 2023 U.S. App. LEXIS 6218, at *4 (6th Cir. Mar. 15, 2023). _Tarrify_ was Ohio's version of this case where Ohio counsel also pursued the "fair market value" or "equity" theory of damages. But _Tarrify_ has been rendered largely irrelevant because the damages available under current Sixth Circuit precedent, which is binding on this Court, is limited to the "surplus proceeds" theory. _Freed v. Thomas_, 81 F.4th 655 (6th Cir. 2023). So given the "concerns" of _Tarrify_ and the holding of _Freed_, the Court has been requested, by class counsel, to adjust the scope of damages and scope of the applicable class to conform to the law of this circuit. Granting such relief also has the added benefit of making the current Rule 23(f) appeal moot. _Sabree_, 2023 U.S. App. LEXIS 6218 at *5 ("a class action seeking _surplus_ proceeds does

1

not present the administrative difficulties present in a class action seeking surplus *equity*"). This Court could and should make the requested adjustment in the class definition and promptly move forward.

So while the scope *of damages* has been provided an answer by the Sixth Circuit in *Freed* thus far, the only question previously raised (but held off given mediation, see Text Order dated 4/28/2023) is the scope *of the class*. This class has, since day one, sought to include everyone it could—i.e. every person with a claim "during the relevant statutory period." The combination of the filing of *Wayside Church* and *Bowles* (together with the rules of *Cowles'* tolling principles) provides this Court the opportunity to award relief to all deserving tax equity victims—a wrong that both the highest court of Michigan and the highest court of the Untied States has found violates two different constitutions. *Rafaeli, LLC v. Oakland Cnty*., 952 N.W.2d 434 (Mich. 2020); *Tyler v. Hennepin Cnty*., 143 S. Ct. 1369 (2023).

Defendants next suggest Plaintiff Bowles can no longer serve as a class representative because she had no surplus proceeds. But Bowles is *already* the appointed class representative and Defendants conspicuously have never filed a motion to remove her. The current motion only seeks to add *additional* class representatives, not remove her. As such, the argument should be subject to a separately and properly made motion.

2

But even assuming *arguendo* that this Court would accept without evidentiary support (or a filed motion) that Plaintiff Bowles has no surplus proceeds[1], new plaintiffs and class-representatives can be added. See *Ladrigue v. City of Bay City*, No. 1:19-cv-11196, 2022 U.S. Dist. LEXIS 74064, at *6 (E.D. Mich. Apr. 22, 2022). The current motion proposes four additional property owners to join Plaintiff Bowles. Even "substitution," rather than addition, "of unnamed class members for named plaintiffs who fall out of the case… is a common and normally an unexceptionable feature of class action litigation [] in the federal courts…" *Phillips v. Ford Motor Co.*, 435 F.3d 785, 787 (7th Cir. 2006). This can happen because putative class members—"at least in relation to an applicable statute-of-limitations period—are essentially 'parties' to the class action." *In re Comty Bank*, 622 F.3d 275, 298 (3rd Cir. 2010).

Defendants claim the additions of these four are improper because

---

[1] Ms. Bowles disagrees she should be removed. Defendants self-assert, without any supporting evidence, that Bowles' property sold for $14,000 but owed $13,281 "in taxes." What Defendant calls "taxes" is actually known as the "minimum bid" at the auction and that includes "all delinquent taxes, interest, penalties, and fees due on the property" as well as all "expenses of administering the sale, including all preparations for the sale." **Exhibit A**, M.C.L. § 211.78m(16) (the statute in effect in 2017). What Plaintiff's counsel has learned (but has not confirmed in admissible form) is that Wayne County has self-paid themselves an arbitrary $500 bounty above the minimum bid. They cannot do this because the sale price already includes – or was supposed to include – *all* expenses of administering the tax sale. *Id.* Adding an extra $500 is not permitted under the statute. As such, Plaintiff Bowles has *some* surplus proceeds.

each has a unique defense. But _falsely-claimed_ defenses are not unique ones. For Nagesh Palakurthi, Defendants claim his constitutional claims are barred by _res judicata_. But we know that is not true because this Court has already rejected that argument—_twice_. _Palakurthi v. Wayne Cnty._, No. 21-10707, 2022 U.S. Dist. LEXIS 56356, at *13 (E.D. Mich. Mar. 28, 2022) ("Accordingly, Plaintiff's claims in previous litigation allege violations in a pre-foreclosure context, so his present claims are not barred by res judicata."); _Palakurthi v. Wayne Cnty._, No. 21-10707, 2023 U.S. Dist. LEXIS 7671, at *3 (E.D. Mich. Jan. 17, 2023).[2]

For Norman Poydras and V&V Taylor, Defendants claim the applicable statute-of-limitations acts as a bar. But as previously pointed out, the statute-of-limitations has been tolled by the combination of _Wayside Church_ and the _Bowles_ litigation. The controlling rules of tolling comes from (i.e. is borrowed from) state law. _Hardin v. Straub_, 490 U.S. 526, 538 (1989) ("federal courts routinely measure the timeliness of federal civil rights suits _by state law_"). Under Michigan law, in turn, a filed class action tolls even if a "class representative had no standing," "named plaintiffs did not have standing," a "withdrawal of class representative," a "lack of subject-matter jurisdiction,"

---

[2] The materials needed to establish that Mr. Palakurthi has surplus proceeds is attached as exhibits taken largely from his original complaint (Case #21-cv-10707). For an unpaid tax debt of approximately $855, Defendants sold it for $168,000. **Exhibit D**.

4

and more. *Cowles v. Bank West*, 719 N.W.2d 94, 109 (Mich. 2006). *Cowles* was clear that those who "attempt to distinguish" the circumstances in "these cases is unpersuasive" for Michigan law purposes. And relevant here, "the filing of such a [class action] complaint is sufficient to toll the period of limitations as long as the defendant has notice of both the claim being brought and the number and generic identities of the potential plaintiffs." *Id.* at 97-98. Defendant Wayne County had that. **Exhibit B**. Like an ostrich sticking its head in the sand, Defendants' briefing strategy to ignore the class tolling rules established in *Cowles*, made applicable by *Hardin,* hides nothing. When combining *Wayside Church* and *Bowles*, the class members' claims have been long tolled going back to December 11, 2008.

As to Douglas Meyers, Defendants claim it is unknown to them if he would be an appropriate class representative when he was foreclosed upon in 2019. Yet, it is Defendants who have all the documentation to establish his *bona fides* and, thus far, will not engage in reciprocal discovery so that Plaintiffs can help Defendants locate it from within the latter's own files and records. From what Plaintiffs' counsel have been able to document from public sources, he is an ideal class representative. See **Exhibit C**.

Defendants also argue that the new "claims" being made by the "new" punitive class members do not relate back to when Plaintiff Bowles filed her

5

complaint. But again, this misses the key feature of class-action tolling. This same argument was tried in *Ladrigue* and was rejected. There, Megan Ladrigue no longer wished to serve as a plaintiff class representative and Jodi Tyvela offered to take over. The city-defendant argued that Tyvela's claims did not relate back. Judge Ludington explained why this misframed the issue. "In claiming that Tyvela is a 'new party' bringing 'new claims,' Defendants overlook an important feature of class actions [] — the commencement of a class action suspends the applicable statute of limitations as *to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action*." *Ladrigue*, 2022 U.S. Dist. LEXIS 74064, at *6. Here, similar to *Ladrigue*, the claims are fully preserved as "tolled" during the entire time *Cowles* says it is and, thusly, the need to relate back does not exist. Again, looking to *Cowles*, the filing of the class actions toll even "where [a] claim was not identical to class action" and "for claims not asserted in class action." *Cowles*, 719 N.W.2d at 109. Anything otherwise would "allow defendants to avoid a decision on the merits by exploiting changes in class representation." *Ladrigue*, 2022 U.S. Dist. LEXIS 74064, at *6. Defendants have been on notice since, at least, the filing of *Wayside*—this class action is seeking relief *for everyone* with claims "during the relevant statutory period." And everyone within the relevant

6

statutory period includes those who have been tolled.

Finally, Defendants have sprung from the ashes their *China-Agritech* arguments. If the applicable rules on tolling were the traditional federal rules, the argument would need to be carefully parsed. However, Congress decided that for federal rights claims, the appliable rules of tolling would be borrowed *from state law*. *Hardin*, 490 U.S. at 538; *Chardon v. Fumero Soto*, 462 U.S. 650 (1983). Yes, for *federal* claims applying *federal* tolling rules, *China-Agritech* seemingly controls. But here, *federal* claims applying *state* (Michigan) tolling rules, *Cowles* controls. And *Cowles* expressly permits broad tolling when a class action is filed so long as "the defendant ha[d] notice of both the claim being brought and the number and generic identities of the potential plaintiffs." *Cowles*, 719 N.W.2d at 97-98. Again, that happened (**Exhibit B**) and so there has been broad *Hardin*/*Chardon*/*Cowles* tolling for years. The class being properly sought includes everyone "during the relevant statutory period."

## CONCLUSION

The Court is requested to grant this motion to expand the class definition and appoint the additional class representatives as presented.

Date: February 14, 2024          RESPECTFULLY SUBMITTED:

/s/ David J. Shea
SHEA LAW, PLLC
DAVID J. SHEA (P41399)
ASHLEY D. SHEA (P82471)
26100 American Dr., Suite 200
Southfield, MI 48034
(248) 354-0224
david.shea@sadplaw.com
ashley.shea@sadplaw.com

/s/ Aaron D. Cox
LAW OFFICES OF AARON D. COX, PLLC
AARON D. COX (P69346)
23820 Eureka
Taylor, MI 48180
(734) 287-3664
aaron@aaroncoxlaw.com

/s/ Mark K. Wasvary
MARK K. WASVARY, P.C.
MARK K. WASVARY (P51575)
2401 W. Big Beaver Rd., Suite 100
Troy, MI 48084
(248) 649-5667
markwasvary@hotmail.com

/s/ Philip L. Ellison
OUTSIDE LEGAL COUNSEL PLC
PHILIP L. ELLISON (P74117)
PO Box 107
Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com

/s/ Matthew E. Gronda
MATTHEW E. GRONDA (P73693)
4800 Fashion Sq Blvd, Ste 200
Saginaw, Michigan 48604

8

(989) 233-1639
matt@matthewgronda.com

/s/ Jason J. Thompson
JASON J. THOMPSON (P47184)
SOMMERS SCHWARTZ
One Towne Square, 17th Floor
Southfield, MI 48076
(248) 355-0300
jthompson@sommerspc.com

/s/ Donald R. Visser
VISSER & ASSOCIATES PLLC
DONALD R. VISSER (P27961)
DONOVAN J. VISSER (P70847)
2480 44th St SE Ste 150
Kentwood, MI 49512
(616) 531-9860
don@visserlegal.com
donovan@visserlegal.com

Counsel for Various Plaintiffs and Certified Class

9

## CERTIFICATE OF SERVICE

I hereby certify that on the date stated below, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notice of and a copy of such filing to counsel of record at their email address(es) of record.

Date: February 14, 2024          /s/ Ashley D. Shea
                                     SHEA LAW, PLLC
                                     26100 American Dr., Suite 200
                                     Southfield, MI 48034
                                     (248) 354-0224
                                     ashley.shea@sadplaw.com

                                     Counsel for Plaintiff(s)

10