



EXHIBIT

**A**

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

# 2017 MCLS § 211.78m

2017 Michigan Code Archive

***Michigan Compiled Laws Service  >  Chapter 211 Taxation of Real And Personal Property  >  Act 206 of 1893 The General Property Tax Act  >  Redemption And Annulment***

## § 211.78m. Granting state right of first refusal; election by state not to purchase property; purchase of property by city, village, township, or county; property sale at auction; notice of time and location; procedure; property not previously sold; disposition of sale proceeds; joint sale by 2 or more county treasurers; deed recording; cancellation of taxes and certain costs upon transfer or retention of property; foreclosed property defined as facility under MCL 324.20101; person convicted for executing false affidavit; definitions.

Sec. 78m.

**(1)**   Not later than the first Tuesday in July, immediately succeeding the entry of judgment under section 78k vesting absolute title to tax delinquent property in the foreclosing governmental unit, this state is granted the right of first refusal to purchase property at the greater of the minimum bid or its fair market value by paying that amount to the foreclosing governmental unit if the foreclosing governmental unit is not this state. If this state elects not to purchase the property under its right of first refusal, a city, village, or township may purchase for a public purpose any property located within that city, village, or township set forth in the judgment and subject to sale under this section by payment to the foreclosing governmental unit of the minimum bid. If a city, village, or township does not purchase that property, the county in which that property is located may purchase that property under this section by payment to the foreclosing governmental unit of the minimum bid. If property is purchased by a city, village, township, or county under this subsection, the foreclosing governmental unit shall convey the property to the purchasing city, village, township, or county within 30 days. If property purchased by a city, village, township, or county under this subsection is subsequently sold for an amount in excess of the minimum bid and all costs incurred relating to demolition, renovation, improvements, or infrastructure development, the excess amount shall be returned to the delinquent tax property sales proceeds account for the year in which the property was purchased by the city, village, township, or county or, if this state is the foreclosing governmental unit within a county, to the land reutilization fund created under section 78n. Upon the request of the foreclosing governmental unit, a city, village, township, or county that purchased property under this subsection shall provide to the foreclosing governmental unit without cost information regarding any subsequent sale or transfer of the property. This subsection applies to the purchase of property by this state, a city, village, or township, or a county prior to a sale held under subsection (2).

**(2)**   Subject to subsection (1), beginning on the third Tuesday in July immediately succeeding the entry of the judgment under section 78k vesting absolute title to tax delinquent property in the foreclosing governmental unit and ending on the immediately succeeding first Tuesday in November, the foreclosing governmental unit, or its authorized agent, at the option of the foreclosing governmental unit, shall hold 1 or more property sales at 1 or more convenient locations at which property foreclosed

2017 MCLS § 211.78m

by the judgment entered under section 78k shall be sold by auction sale, which may include an auction sale conducted via an internet website. Notice of the time and location of a sale shall be published not less than 30 days before a sale in a newspaper published and circulated in the county in which the property is located, if there is one. If no newspaper is published in that county, publication shall be made in a newspaper published and circulated in an adjoining county. Each sale shall be completed before the first Tuesday in November immediately succeeding the entry of judgment under section 78k vesting absolute title to the tax delinquent property in the foreclosing governmental unit. Except as provided in this subsection and subsection (5), property shall be sold to the person bidding the minimum bid, or if a bid is greater than the minimum bid, the highest amount above the minimum bid. The foreclosing governmental unit may sell parcels individually or may offer 2 or more parcels for sale as a group. The minimum bid for a group of parcels shall equal the sum of the minimum bid for each parcel included in the group. The foreclosing governmental unit may adopt procedures governing the conduct of the sale and the conveyance of parcels under this section and may cancel the sale prior to the issuance of a deed under this subsection if authorized under the procedures. The foreclosing governmental unit shall require full payment at the close of each day's bidding or by a date not more than 21 days after the sale. Before the foreclosing governmental unit conveys a parcel sold at a sale, the purchaser shall provide the foreclosing governmental unit with proof of payment to the local tax collecting unit in which the property is located of any property taxes owed on the parcel at the time of the sale. A foreclosing governmental unit shall cancel a sale if unpaid property taxes owed on a parcel or parcels at the time of a sale are not paid within 21 days of the sale. If a sale is canceled under this subsection, the foreclosing governmental unit may offer the property to the next highest bidder and convey the property to that bidder under this subsection, subject to the requirements of this subsection for the highest bidder. Not more than 14 days after payment to the foreclosing governmental unit of all amounts required by the highest bidder or the next highest bidder under this subsection, the foreclosing governmental unit shall convey the property by deed to the person bidding the minimum bid, or if a bid is greater than the minimum bid, the highest amount above the minimum bid, or the next highest bidder if the sale to the highest bidder is canceled and the next highest bidder pays the amount required under this section to purchase the property. The deed shall vest fee simple title to the property in the person bidding the highest amount above the minimum bid, unless the foreclosing governmental unit discovers a defect in the foreclosure of the property under sections 78 to 78l or the sale is canceled under this subsection or subsection (5). If this state is the foreclosing governmental unit within a county, the department of treasury shall be responsible for conducting the sale of property under this subsection and subsections (4) and (5) on behalf of this state. Before issuing a deed to a person purchasing property under this subsection or subsection (5), the foreclosing governmental unit shall require the person to execute and file with the foreclosing governmental unit an affidavit under penalty of perjury. If the person fails to execute and file the affidavit required by this subsection by the date payment for the property is required under this section, the foreclosing governmental unit shall cancel the sale. An affidavit under this section shall indicate that the person meets all of the following conditions:

(a) The person does not directly or indirectly hold more than a de minimis legal interest in any property with delinquent property taxes located in the same county as the property.

(b) The person is not directly or indirectly responsible for any unpaid civil fines for a violation of an ordinance authorized by section 4l of the home rule city act, 1909 PA 279, MCL 117.4l, in the local tax collection unit in which the property is located.

(3) For sales held under subsection (2), after the conclusion of that sale, and prior to any additional sale held under subsection (2), a city, village, or township may purchase any property not previously sold under subsection (1) or (2) by paying the minimum bid to the foreclosing governmental unit. If a city, village, or township does not purchase that property, the county in which that property is located may purchase that property under this section by payment to the foreclosing governmental unit of the minimum bid.

2017 MCLS § 211.78m

**(4)** If property is purchased by a city, village, township, or county under subsection (3), the foreclosing governmental unit shall convey the property to the purchasing city, village, township, or county within 30 days.

**(5)** All property subject to sale under subsection (2) shall be offered for sale at 1 or more sales conducted as required by subsection (2). If the foreclosing governmental unit elects to hold more than 1 sale under subsection (2), the final sale held under subsection (2) shall be held not less than 28 days after the immediately preceding sale under subsection (2). At the final sale held under subsection (2), the sale is subject to the requirements of subsection (2), except that the minimum bid shall not be required. However, the foreclosing governmental unit may establish a reasonable opening bid at the sale to recover the cost of the sale of the parcel or parcels, and the foreclosing governmental unit shall require a person who held an interest in property sold under this subsection at the time a judgment of foreclosure was entered against the property under section 78k to pay the minimum bid for the property before issuing a deed to the person under subsection (2). If the person fails to pay the minimum bid for the property and other amounts by the date required under this section, the foreclosing governmental unit shall cancel the sale of the property.

**(6)** On or before December 1 immediately succeeding the entry of judgment under section 78k, a list of all property not previously sold by the foreclosing governmental unit under this section shall be transferred to the clerk of the city, village, or township in which the property is located. The city, village, or township may object in writing to the transfer of 1 or more parcels of property set forth on that list. On or before December 30 immediately succeeding the entry of judgment under section 78k, all property not previously sold by the foreclosing governmental unit under this section shall be transferred to the city, village, or township in which the property is located, except those parcels of property to which the city, village, or township has objected. Property located in both a village and a township may be transferred under this subsection only to a village. The city, village, or township may make the property available under the urban homestead act, 1999 PA 127, MCL 125.2701 to 125.2709, or for any other lawful purpose.

**(7)** If property not previously sold is not transferred to the city, village, or township in which the property is located under subsection (6), the foreclosing governmental unit shall retain possession of that property. If the foreclosing governmental unit retains possession of the property and the foreclosing governmental unit is this state, title to the property shall vest in the land bank fast track authority created under section 15 of the land bank fast track act, 2003 PA 258, MCL 124.765.

**(8)** A foreclosing governmental unit shall deposit the proceeds from the sale of property under this section into a restricted account designated as the "delinquent tax property sales proceeds for the year _____". The foreclosing governmental unit shall direct the investment of the account. The foreclosing governmental unit shall credit to the account interest and earnings from account investments. Proceeds in that account shall only be used by the foreclosing governmental unit for the following purposes in the following order of priority:

**(a)** The delinquent tax revolving fund shall be reimbursed for all taxes, interest, and fees on all of the property, whether or not all of the property was sold.

**(b)** All costs of the sale of property for the year shall be paid.

**(c)** Any costs of the foreclosure proceedings for the year, including, but not limited to, costs of mailing, publication, personal service, and outside contractors shall be paid.

**(d)** Any costs for the sale of property or foreclosure proceedings for any prior year that have not been paid or reimbursed from that prior year's delinquent tax property sales proceeds shall be paid.

**(e)** Any costs incurred by the foreclosing governmental unit in maintaining property foreclosed under section 78k before the sale under this section shall be paid, including costs of any environmental remediation.

**(f)** If the foreclosing governmental unit is not this state, any of the following:

**(i)**   Any costs for the sale of property or foreclosure proceedings for any subsequent year that are not paid or reimbursed from that subsequent year's delinquent tax property sales proceeds shall be paid from any remaining balance in any prior year's delinquent tax property sales proceeds account.

**(ii)**   Any costs for the defense of title actions.

**(iii)**   Any costs incurred in administering the foreclosure and disposition of property forfeited for delinquent taxes under this act.

**(g)**   If the foreclosing governmental unit is this state, any remaining balance shall be transferred to the land reutilization fund created under section 78n.

**(h)**   In 2008 and each year after 2008, if the foreclosing governmental unit is not this state, not later than June 30 of the second calendar year after foreclosure, the foreclosing governmental unit shall submit a written report to its board of commissioners identifying any remaining balance and any contingent costs of title or other legal claims described in subdivisions (a) through (f). All or a portion of any remaining balance, less any contingent costs of title or other legal claims described in subdivisions (a) through (f), may subsequently be transferred into the general fund of the county by the board of commissioners.

**(9)**   Two or more county treasurers of adjacent counties may elect to hold a joint sale of property as provided in this section. If 2 or more county treasurers elect to hold a joint sale, property may be sold under this section at a location outside of the county in which the property is located. The sale may be conducted by any county treasurer participating in the joint sale. A joint sale held under this subsection may include or be an auction sale conducted via an internet website.

**(10)**   The foreclosing governmental unit shall record a deed for any property transferred under this section with the county register of deeds. The foreclosing governmental unit may charge a fee in excess of the minimum bid and any sale proceeds for the cost of recording a deed under this subsection.

**(11)**   For property transferred to this state under subsection (1), a city, village, or township under subsection (6) or retained by a foreclosing governmental unit under subsection (7), all taxes due on the property as of the December 31 following the transfer or retention of the property are canceled effective on that December 31.

**(12)**   For property sold under this section, transferred to this state under subsection (1), a city, village, or township under subsection (6), or retained by a foreclosing governmental unit under subsection (7), all liens for costs of demolition, safety repairs, debris removal, or sewer or water charges due on the property as of the December 31 immediately succeeding the sale, transfer, or retention of the property are canceled effective on that December 31. This subsection does not apply to liens recorded by the department of environmental quality under this act or the land bank fast track act, 2003 PA 258, MCL 124.751 to 124.774.

**(13)**   If property foreclosed under section 78k and held by or under the control of a foreclosing governmental unit is a facility as defined under section 20101 of the natural resources and environmental protection act, 1994 PA 451, MCL 324.20101, prior to the sale or transfer of the property under this section, the property is subject to all of the following:

**(a)**   Upon reasonable written notice from the department of environmental quality, the foreclosing governmental unit shall provide access to the department of environmental quality, its employees, contractors, and any other person expressly authorized by the department of environmental quality to conduct response activities at the foreclosed property. Reasonable written notice under this subdivision may include, but is not limited to, notice by electronic mail or facsimile, if the foreclosing governmental unit consents to notice by electronic mail or facsimile prior to the provision of notice by the department of environmental quality.

2017 MCLS § 211.78m

**(b)**   If requested by the department of environmental quality to protect public health, safety, and welfare or the environment, the foreclosing governmental unit shall grant an easement for access to conduct response activities on the foreclosed property as authorized under chapter 7 of the natural resources and environmental protection act, 1994 PA 451, MCL 324.20101 to 324.20302.

**(c)**   If requested by the department of environmental quality to protect public health, safety, and welfare or the environment, the foreclosing governmental unit shall place and record deed restrictions on the foreclosed property as authorized under chapter 7 of the natural resources and environmental protection act, 1994 PA 451, MCL 324.20101 to 324.20302.

**(d)**   The department of environmental quality may place an environmental lien on the foreclosed property as authorized under section 20138 of the natural resources and environmental protection act, 1994 PA 451, MCL 324.20138.

**(14)**   If property foreclosed under section 78k and held by or under the control of a foreclosing governmental unit is a facility as defined under section 20101 of the natural resources and environmental protection act, 1994 PA 451, MCL 324.20101, prior to the sale or transfer of the property under this section, the department of environmental quality shall request and the foreclosing governmental unit shall transfer the property to the state land bank fast track authority created under section 15 of the land bank fast track act, 2003 PA 258, MCL 124.765, if all of the following apply:

**(a)**   The department of environmental quality determines that conditions at a foreclosed property are an acute threat to the public health, safety, and welfare, to the environment, or to other property.

**(b)**   The department of environmental quality proposes to undertake or is undertaking state-funded response activities at the property.

**(c)**   The department of environmental quality determines that the sale, retention, or transfer of the property other than under this subsection would interfere with response activities by the department of environmental quality.

**(15)**   A person convicted for executing a false affidavit under subsection (5) shall be prohibited from bidding for a property or purchasing a property at any sale under this section.

**(16)**   As used in this section:

**(a)**   "Minimum bid" is the minimum amount established by the foreclosing governmental unit for which property may be sold under this section. The minimum bid shall include all of the following:

**(i)**   All delinquent taxes, interest, penalties, and fees due on the property. If a city, village, or township purchases the property, the minimum bid shall not include any taxes levied by that city, village, or township and any interest, penalties, or fees due on those taxes.

**(ii)**   The expenses of administering the sale, including all preparations for the sale. The foreclosing governmental unit shall estimate the cost of preparing for and administering the annual sale for purposes of prorating the cost for each property included in the sale.

**(b)**   "Person" means an individual, partnership, corporation, association, or other legal entity.

# History

Pub Acts 1893, No. 206, § 78m, as added by Pub Acts 1999, No. 123, imd eff July 23, 1999, by enacting § 2 eff October 1, 1999; amended by Pub Acts 2001, No. 99, imd eff July 30, 2001; 2003, No. 263, imd eff January 5, 2004; Pub Acts 2006, No. 498, imd eff December 29, 2006; Pub Acts 2014, No. 501, effective January 14, 2015.

Michigan Compiled Laws Service
Copyright © 2024 All rights reserved.

2017 MCLS § 211.78m

**End of Document**