UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TONYA BOWLES,

      Plaintiff,

v.

COUNTY OF WAYNE BY
ITS BOARD OF COMMISSIONERS,
Also known as CHARTER COUNTY
OF WAYNE BY ITS BOARD OF
COMMISSIONERS, et al.,

      Defendants.

_____/

Case No. 23-cv-10973
(Previously Case No. 20-cv-12939)
Honorable Linda V. Parker

**<u>OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO STAY
(ECF NO. 20) AND DENYING WITHOUT PREJUDICE PLAINTIFF'S
MOTION TO AMEND/CORRECT AND EXPAND CLASS
CERTIFICATION ORDERS (ECF NO. 27)</u>**

This Court's class action certification decision in this matter currently is

pending before the Sixth Circuit Court of Appeals for review.  Defendants have

moved to stay the action until the Sixth Circuit rules.  (ECF No. 20.)  Plaintiffs

have moved to amend the class certification orders.  (ECF No. 27.)

The factors relevant to deciding whether to stay these proceedings pending

appeal, *see Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945

F.2d 150, 153 (6th Cir. 1991), weigh in favor of a stay.  Most significantly, as this

Court has now indicated on several occasions (*see, e.g.*, ECF Nos. 39 and 53),

there are substantial issues in the Court's class certification decision which likely will result in its reversal.[1]  These proceedings need to be stayed until there is a resolution of whether it should proceed as a class action and, if so, what the definition of the class should be.

For the same reasons, it is inappropriate to consider at this time any modifications to the class certification order.

Accordingly,

**IT IS ORDERED** that Defendants' motion to stay (ECF No. 20) is **GRANTED** and this matter is **STAYED** pending appeal.

**IT IS FURTHER ORDERED** that Plaintiffs' motion to amend (ECF No. 27) is **DENIED WITHOUT PREJUDICE**.

s/ Linda V. Parker
LINDA  V. PARKER
U.S. DISTRICT JUDGE

Dated: September 27, 2024

---

[1] Defendants argue that there also are "serious questions going to this Court's ruling on [Wayne County Treasurer Eric Sabree's] immunity."  The Sixth Circuit has held, however, that Sabree is entitled to qualified immunity.  *See Bowles v. Sabree*, No. 22-1912, 2024 WL 1550833, *3 (Apr. 10, 2024).  Pursuant to that decision, this Court entered an order dismissing Plaintiffs' claims against him and terminated him as a party to this action.  (ECF No. 38.)  While its subsequent decision to amend the dismissal without, as opposed to with, prejudice is the subject of a motion for reconsideration (ECF No. 43), this issue is not on appeal.  Although the Court is staying the matter pending the appeal of other issues, it will resolve this pending motion shortly.