UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TONYA BOWLES, for herself
and all those similarly situated,

       Plaintiffs,

v.

       Case No. 23-cv-10973
       (Previous Case No. 20-12838)
       Honorable Linda V. Parker

ERIC SABREE, et al.,

       Defendants.
_____/

## OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION AND CLARIFYING THE DISMISSAL OF CLAIMS AGAINST DEFENDANT ERIC SABREE

On January 14, 2022, this Court issued a decision finding Defendant Eric Sabree entitled to qualified immunity to the extent he is sued in his individual capacity, and Defendant Wayne County and Sabree, to the extent he is sued in his official capacity as Wayne County Treasurer, not entitled to sovereign immunity under the Eleventh Amendment. *See* Op. & Order, *Bowles v. Sabree*, No. 20-cv-12838 (E.D. Mich. filed Jan. 14, 2022), ECF No. 47. Although this resulted in the dismissal with prejudice of the individual-capacity claims against Sabree, this was not expressly stated in the decision. Defendants appealed the Court's sovereign immunity holdings.

On April 10, 2024, the Sixth Circuit Court of Appeals affirmed the decision as to Wayne County but reversed as to Sabree. *Bowles v. Sabree*, No. 22-1912, 2024 WL 1550833 (6th Cir. Apr. 10, 2024). The appellate court concluded that Sabree was acting as an arm of the State with respect to his foreclosure on tax-delinquent properties and, therefore, was entitled to Eleventh Amendment immunity. *Id.* at *3. The Sixth Circuit issued its mandate on May 2, 2024.

Shortly after the matter was remanded, and pursuant to the Sixth Circuit's decision, this Court entered an order dismissing the claims against Sabree in his official capacity "with prejudice." (ECF No. 38 at PageID. 602.) The Court also terminated him from the action. Plaintiffs filed a motion for reconsideration, arguing that the dismissal should have been "without prejudice." (ECF No. 40.) The Court agreed, and entered an amended order reflecting that correction. (ECF No. 41.)

The matter is now before the Court on Defendants' motion for reconsideration in which they argue that the Court's original instinct—to dismiss with prejudice—was accurate. (ECF No. 43.) Plaintiffs responded to the motion. (ECF No. 44.) Defendants filed a reply brief. (ECF No. 45.)

The Sixth Circuit has advised that dismissals for lack of subject matter jurisdiction, such as dismissals based on sovereign immunity, "should normally be without prejudice, since by definition the court lacks power to reach the merits of

2

the case." *Thompson v. Love's Travel Stops & Country Stores, Inc.*, 748 F. App'x 6, 11 (6th Cir. 2018) (citing *Pratt v. Ventas, Inc.*, 365 F.3d 514, 522 (6th Cir. 2004); *see also Ernst v. Rising*, 427 F.3d 351, 67 (6th Cir. 2005). The Sixth Circuit has recognized that, "in rare circumstances, . . . a district court may use its inherent power to dismiss with prejudice (as a sanction for misconduct) even a case over which it lacks jurisdiction." *Ernst*, 427 F.3d at 367 (quoting *Mitan v. Int'l Fid. Ins. Co.*, 23 F. App'x 292, 297 (6th Cir. 2001)) (brackets omitted). However, this Court located only two circumstances where the Sixth Circuit has found a dismissal with prejudice warranted.

The first is where it is used as a sanction for a plaintiff's misconduct. *See Mitan*, 23 F. App'x at 297 (upholding the district court's dismissal with prejudice as a sanction for the plaintiff's "repeated abuse of the judicial process when it prohibited him from introducing further related actions"); *see also Bellwether Music Festival, LLC v. Acton*, No. 20-cv-3279, 2020 WL 3869479, at *2-3 (S.D. Ohio July 9, 2020) (collecting cases finding dismissals with prejudice appropriate due to misconduct and, finding no misconduct in the case before it, concluding that it should be dismissed without prejudice). The second is where the plaintiff's claims are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion," *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (finding a dismissal with prejudice for lack of jurisdiction under Federal

Rule of Civil Procedure 12(b)(1) appropriate where the complaint is "patently frivolous"). Neither circumstance is presented here.

Defendants' cited authority, *Montano v. Grant*, No. 21-1303, 2021 U.S. App. LEXIS 31125 (6th Cir. Oct. 15, 2021), does not suggest that there are other scenarios where a prejudicial dismissal is warranted. There, the Sixth Circuit found that the district court did not abuse its discretion in issuing an injunction enjoining the plaintiff from filing any additional complaints after finding the defendant judges entitled to Eleventh Amendment immunity. *Id.* at *3. However, the injunction and prejudicial dismissal were due to the plaintiff having "filed seven prior lawsuits, all of them deemed meritless or frivolous, and that the most recent of those dismissals included a warning that the court might bar [the plaintiff] from further filings without court permission." *Id*. Consistent with the above caselaw, the bar to future filings was a sanction for the plaintiff's repeated abuses of the judicial process.

Defendants' assertion that a suit in state court against Sabree in his official capacity would be subject to dismissal also does not persuade the Court that it should dismiss the official capacity claims against him here with prejudice. Defendants are essentially asking the Court to make a merits determination about future state-court claims. There are several reasons why this Court lacks the power to evaluate the merits of those potential claims. Notably, having found no subject

matter jurisdiction over the claims here, the Court may not opine on their merit, much less their future merit.

For these reasons, the Court is not persuaded that it committed a palpable defect when it corrected the dismissal of Plaintiffs' claims against Sabree in his official capacity to be without prejudice.  Defendants' motion for reconsideration is, therefore, **DENIED**.  To be clear, however, the claims against Sabree in his individual capacity were dismissed based on qualified immunity.  That dismissal was *with* prejudice.

**SO ORDERED**.

Date: March 5, 2025                         s/LINDA V. PARKER
                                            UNITED STATES DISTRICT JUDGE