UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TONYA BOWLES,

      Plaintiff,

                               Case No. 23-cv-10973

v.                           (Previous Case No. 20-cv-12838)
                               Honorable Linda V. Parker

COUNTY OF WAYNE,

      Defendant.

_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS (ECF NO. 63) AND PLAINTIFF'S MOTION TO AMEND (ECF NO. 64)

On October 22, 2020, Tonya Bowles filed this putative class action lawsuit against Wayne County asserting claims arising from the foreclosure and sale of her property due to a tax delinquency.[1]  Bowles alleges that Wayne County sold the property at a sheriff's sale for more than the tax delinquency but failed to return to her the surplus proceeds (i.e., the amount exceeding the delinquency after deducting appropriate interest, penalties, and fees).  In the operative pleading, she asserts two counts on behalf of a putative class: (I) a taking in violation of the Fifth and Fourteenth Amendments, filed under 42 U.S.C. § 1983; and (II) inverse condemnation.  (*See* ECF No. 8.)

---

[1] Bowles also brought claims against Wayne County Treasurer Eric Sabree, but he has since been dismissed.

The United States Supreme Court, Michigan Supreme Court, and the Sixth Circuit Court of Appeals have made clear that the failure to return surplus proceeds from a tax auction sale to the former property owner constitutes a taking in violation of the United States and Michigan constitutions.  *See Tyler v. Hennepin Cnty.*, 598 U.S. 631, 639 (2023); *Hall v. Meisner*, 51 F.4th 185, 196 (6th Cir. 2022); *Rafaeli, LLC v. Oakland Cnty.*, 952 N.W.2d 460-61 (Mich. 2020); *see also Bowles v. Sabree*, 121 F.4th 539, 545 (6th Cir. 2024) (observing that these courts "all agree that this kind of scheme is an unconstitutional taking").  And in its recent decision in the present matter, the Sixth Circuit indicated that, regardless of "[w]hether a class action would serve best to right these wrongs . . . one way or another, the county needs to pay up.  After all the 'taxpayer must render unto Caesar what is Caesar's, but no more." *Bowles*, 121 F.4th at 556.

Wayne County nevertheless believes that these holdings left unresolved such issues as which owners whose properties were foreclosed for tax delinquencies are entitled to relief and how and when they may pursue relief.  Whether they did or not, developing caselaw from federal and state courts in Michigan certainly have now answered those questions.

According to Wayne County, those decisions instruct that a federal lawsuit is not the proper avenue to seek relief and, even if it is, Bowles' claims are time barred.  Wayne County, therefore, has moved for judgment on the pleadings

pursuant to Federal Rule of Civil Procedure 12(c).  (ECF No. 63.)  Contending that

the recent developments in the law require amendments to her complaint, Bowles

has moved for leave to file an amended pleading pursuant to Federal Rule of Civil

Procedure 15(a).  (ECF No. 64.)  Both motions are fully briefed (ECF Nos. 68, 70-

72), and Wayne County has provided supplemental authority as the law has

developed even further during the pendency of the motions (ECF Nos. 74, 75).  For

the reasons set forth below, the Court is now granting in part and denying in part

both motions.

## I.      Standards of Review

A Rule 12(c) motion is evaluated under the same standards as a motion to

dismiss under Federal Rule of Civil Procedure 12(b)(6).  *Hindel v. Husted*, 875

F.3d 344, 346 (6th Cir. 2017) (citing *Barany-Snyder v. Weiner*, 539 F.3d 327, 332

(6th Cir. 2008)).  A Rule 12(b)(6) motion tests the legal sufficiency of the

complaint.  *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th

Cir. 1996).  "To survive a motion to dismiss, a complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.

Twombly*, 550 U.S. 544, 570 (2007)).  In deciding whether the plaintiff has set

forth a "plausible" claim, the court must accept the factual allegations in the

complaint as true.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  This presumption

3

is not applicable to legal conclusions, however. *Iqbal*, 556 U.S. at 668. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555).

Pursuant to Rule 15(a), leave to amend a pleading is "freely" granted "when justice so requires." *See* Fed. R. Civ. P. 15(a). The United States Supreme Court has advised that a plaintiff should be allowed the opportunity to test a claim on the merits if the facts and circumstances underlying the claim suggest that it may be a proper subject of relief. *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, the Court further instructed that a motion to amend a complaint should be denied if the amendment is brought in bad faith or for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile. *Id*.

Futility is judged according to the standard for a Rule 12(b)(6) motion to dismiss. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). Prejudice may result from delay, but "[d]elay by itself is not sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted." *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994) (citation and quotation marks omitted). A court also should consider whether the amendment will require the opposing party "to expend significant additional resources to conduct discovery and prepare for trial" or whether it will "significantly delay the

4

resolution of the dispute," as either effect constitutes prejudice.  *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994).

## II.     Background

Bowles owned property commonly known as 14730 East State Fair in Detroit, Michigan.  Wayne County initiated foreclosure proceedings against the property due to a tax delinquency, which resulted in a foreclosure judgment on March 29, 2017.  The property was sold at a tax auction sale for $14,000.00 on November 16, 2017, [2] which allegedly generated surplus proceeds not returned to Bowles.

After the Michigan Supreme Court held that the retention of such proceeds constitutes an unconstitutional taking in *Rafaeli, LLC v. Oakland County*, 952 N.W.2d 434 (2020), Bowles filed this putative class action lawsuit.  In her Complaint, filed on October 22, 2020, Bowles proposed a class comprised of "individuals and entities during the relevant statutorily-limited time period who were subject to the same unconstitutional processes by Defendants County of Wayne and/or Eric R. Sabree which resulted in the taking and/or unconstitutional

---

[2] In her pleadings and briefing, including the current proposed amended complaint, Bowles repeatedly states that the tax auction sale occurred on November 11, 201**4**. Wayne County has not corrected the year when discussing the facts.  The Court presumes that it is incorrect, however, as the foreclosure judgment against the property was entered only in March 201**7**.  If the Court's presumption is accurate, the parties are instructed to fix this error going forward.

forfeiture of their surplus or excess Equity." *See* Compl., Case No. 20-cv-12838, ECF No. 1 at PageID.9 ¶ 34. Two months later, Bowles was joined by Bruce Taylor, whose Oakland County property was foreclosed and sold at a tax auction sale, and who claimed the surplus proceeds were not returned to him. *See* Am. Compl., *id.*, ECF No. 17. In a First Amended Complaint, filed December 29, 2020, Bowles and Taylor sought to represent a class of "individuals and entities during the relevant statutorily-limited time period who were subject to the same unconstitutional processes by Defendants [Wayne and Oakland counties and their treasurers] which resulted in the taking and/or unconstitutional forfeiture of their surplus or excess Equity." *Id.* at PageID.175-76 ¶ 60.

In a subsequent motion to dismiss, Wayne County challenged Bowles' standing and adequacy as a class representative because she had attempted to transfer her interest in the property through a quitclaim deed dated after the foreclosure judgment was entered. This Court rejected Wayne County's argument that Bowles lost title to the property and, therefore, had nothing to meaningfully convey upon entry of the foreclosure judgment.

Bowles and Taylor thereafter filed a motion for class certification, which was granted on January 14, 2022. Op. & Order, *id.*, ECF No. 47. In that decision, this Court certified the following class:

> All property owners formerly owning property from
> within the counties of Wayne and Oakland who had said

> property seized by Defendants via the General Property
> Tax Act, MCL 211.78 et seq., which was worth more
> and/or was sold at tax auction for more than the total tax
> delinquency and was not refunded the excess/surplus
> equity, and this sale occurred before July 17, 2020, but
> within three years of the filing of this lawsuit [i.e.
> October 22, 2017], and excluding any property owner
> who has filed their own post-forfeiture civil lawsuit to
> obtain such relief.

*Id.* at PageID.726.  Oakland County eventually settled with class members whose

property it had foreclosed and sold.

In the interim, several actions were filed by former owners of foreclosed

Wayne County property, which this Court consolidated with the action filed by

Bowles and Taylor.  Among these cases were: (a) Case No. 22-cv-11647, which

Norman Poydras and V&V Taylor Distributing LLC joined on November 22, 2022;

and (b) Case No. 23-cv-10524, filed by Melvin Chuney, Jr., Keenan Jackson, and

Darlene Henderson.[3]  After approving the Oakland County settlement, the Court

severed the claims brought by former owners of Wayne County property and

directed Bowles to file an amended complaint.  (*See* ECF No. 1.)  An amended

complaint, which is the current operative pleading, was filed on June 1, 2023.[4]

(ECF No. 8.)

---

[3] Chuney voluntarily dismissed his claims in March 2023.

[4] In the pleading, Bowles indicated that a motion for leave to further amend the
complaint would be forthcoming to reflect the consolidated cases and claims into a
single pleading.  (ECF No. 8 at PageID.55.)  That motion is presently before the
Court, as discussed *infra*.

7

Meanwhile, Wayne County appealed the Court's decision on its motion to dismiss and Bowles' motion for class certification.  In a decision issued on November 4, 2024, the Sixth Circuit agreed that the quit claim deed did not deprive Bowles of standing to claim any surplus proceeds.  *Bowles*, 121 F.4th at 549.  The appellate court held, however, that this Court "did not conduct a rigorous analysis of the Rule 23 requirements" before certifying the class.  *Id*. at 545.  It, therefore, vacated the class certification order and remanded for further proceedings.  *Id*.

After the Sixth Circuit issued its mandate on November 26, 2024, Wayne County filed its pending Rule 12(c) motion, and Bowles filed her pending motion for leave to file an amended complaint.  (ECF Nos. 63, 64.)  Bowles seeks to add the following previous owners of foreclosed Wayne County property as named plaintiffs: Poydras and V&V Taylor Distributing from Case No. 22-cv-11647, Douglas C. Myers, Gerrilyn Sutton, Marcia Johnson, Jackson and Henderson from Case No. 23-10524, Bashar Yousif, Uchenna Ndubuisi, and Tonya Thompson.  (*See* ECF No. 64-1.)  These individuals represent three different putative class "groups" and "subgroups."  (*See generally id.*)

"Group 1" consists of former owners of Wayne County property where the foreclosure occurred "before the effective date of *Rafaeli*—July 18, 2020" and "before [Michigan Compiled Law § 211.78t] was enacted."  (*Id*. at PageID.1355

¶ 20.)  Within Group 1 are sub-classes depending on whether the former property owners have received payment pursuant to § 78t and whether they are seeking relief pursuant to federal law (as a Fifth Amendment takings claim pursuant to § 1983) or state law (as an inverse condemnation claim).  (*Id*. at PageID.1355-56 ¶ 21.)  "Group 2" and "Group 3" consist of former owners of Wayne County property where the foreclosures occurred "*after* the enactment of [§] 78t."  (*Id*. at PageID.1356 ¶ 22.)  Groups 2 and 3 are distinguished by whether the former owners utilized the refund mechanism in § 78t.  (*Id*. ¶ 23.)

## III.  Wayne County's Arguments in Support of its Rule 12(c) Motion and in Opposition to Bowles' Motion to Amend

In support of its Rule 12(c) motion and to argue futility in response to Bowles' proposed amendments, Wayne County contends that Michigan's General Property Tax Act ("GPTA") provides the exclusive mechanism for former property owners to claim any surplus proceeds from a tax auction sale.  Wayne County also contends that Bowles' claims and the claims of several individuals she seeks to add as plaintiffs in her proposed amended pleading are barred by the applicable statute of limitations.

Wayne County further contends that Bowles' proposed amendment is futile because "significant evidentiary proof" is not included to demonstrate that the individuals to be added as named plaintiffs are adequate class representatives.

9

Wayne County also claims undue delay and prejudice as reasons to deny leave to amend.

## IV.   Discussion

### A.   Is § 78t the Exclusive Mechanism Available for Former Property Owners to Seek Relief and How Does the Answer Impact Bowles' Proposed Amendment

The undersigned recently addressed Wayne County's argument that § 78t is the exclusive mechanism for former property owners to claim surplus proceeds in *Palakurthi v. Wayne County*, No. 21-cv-10707, 2025 WL 1337029 (E.D. Mich. May 5, 2025).  This Court concluded that it is not, for tax auction sales preceding the Michigan legislature's amendments to the GPTA, which were effective January 1, 2021.  *Id.* at *5-6.  In reaching that conclusion, the Court rejected Wayne County's argument that recent Sixth Circuit and Michigan court decisions hold otherwise.

This lawsuit, as it currently is pled, is distinguishable from *Howard v. Macomb County*, 133 F4th 566 (6th Cir. 2025).  In *Howard*, the plaintiff's claims arose from a foreclosure *after* the GPTA's amendment and, therefore, the Sixth Circuit held that a taking had not yet occurred.  *Id*. at 570-73.  As the appellate court reasoned:  "Michigan's [amended] procedures for collecting the surplus do not compensate the property owner for a taking.  They *prevent* a taking from happening in the first place."  *Id*. at 572.  Bowles' property, in comparison, was

10

foreclosed before the amendments took effect, when there were no procedures in place to claim any surplus proceeds. *See Hall v. Meisner*, 51 F.4th 185 (6th Cir. 2022) (citing *Rafaeli*, 952 N.W.2d at 446) (noting that the earlier version of the GPTA did not "provide for any disbursement of the surplus proceeds to the former property owner, nor d[id] it provide former owners a right to make a claim for these surplus proceeds").

In that instance—where a foreclosure sale generates surplus proceeds, and the State offers no mechanism for the former owner to claims those proceeds—a taking occurs. *See Tyler*, 598 U.S. at 639; *Hall*, 51 F.4th at 188; *see also Bowles*, 121 F.4th at 545 ("This case is not about whether Wayne County violated the law. It did."). The Supreme Court and Sixth Circuit have further held that a violation of an owner's Fifth Amendment rights "allows the owner to proceed *directly* to federal court under § 1983" even where "the State has provided a property owner with a procedure that may subsequently result in just compensation." *Knick v. Twp. of Scott*, 588 U.S. 180, 191 (2019) (emphasis added); *see also id*. at 192 (citing *First Eng. Evangelical Lutheran Church of Glendale v. Cnty. of Los Angeles*, 482 U.S. 304, 315 (1987)) ("a property owner has a constitutional claim for just compensation *at the time of the taking*") (emphasis added). The Sixth Circuit in fact already told Wayne County in the present matter that § 78t does not

preempt § 1983 takings claims.  *See Bowles*, 121 F.4th at 555 (citing *Knick*, 588 U.S. at 185).

Wayne County argued on appeal that the GPTA's statutory process "preempts a federal suit[,]" to which the Sixth Circuit responded:  "It does not and cannot." *Id.* (citing *Knick*, 588 U.S. at 185).  The Sixth Circuit indicated that "a plaintiff with a federal constitutional claim under § 1983 can always go straight to federal court." *Id.* (citing *Knick*, 588 U.S. at 185).  The court confirmed this more recently in *Howard*:  "By making these procedures 'exclusive' the Michigan Legislature meant only to restrict owners' *state* remedies for seeking any surplus." 133 F.4th at 527 (citing *Schafer*, 2024 WL 3573500, at *19).  Thus, the GPTA's mechanism does not bar Bowles' § 1983 claim based on the wrongful taking of alleged surplus proceeds.[5]  *See, e.g., Pung v. Kopke*, Nos. 22-1919/1939, 2025 WL 318222, at *3-4 (6th Cir. Jan. 8, 2025) (affirming the district court's partial

---

[5] Wayne County has repeatedly asserted here and on appeal before the Sixth Circuit that there were no surplus proceeds in connection with the tax auction sale of Bowles' property.  Despite the fact that the lack of any surplus proceeds would be relevant to Bowles' standing to bring this lawsuit—as well as her adequacy to serve as a class representative—Wayne County has not attempted to present support for its assertion.  In its pending motion to dismiss and in response to the motion to amend, Wayne County states again that "if this case reaches the merits . . . the evidence will demonstrate that there were no remaining proceeds after the tax foreclosure sale of Bowles' former property . . .." (ECF No. 63 at PageID.1313 n.12 (emphasis removed); ECF No. 68 at PageID.1454 n.6.)  Until contrary evidence is presented, the Court must accept as true Bowles' allegation that there was a surplus.

summary judgment award comprised of the surplus proceeds, plus interest, on the plaintiff's § 1983 Fifth Amendment takings claim arising from the tax auction sale of his property before the GPTA's amendments).

Howard instructs, however, that it would be futile for Bowles to amend her complaint to add claims on behalf of any former owner whose property was foreclosed *after* the effective date of the GPTA's amendments, regardless of whether they utilized the statute's then-available claims procedure. The named plaintiffs in Bowles' proposed amended pleading falling within this category are as follows: Jackson, Henderson, Yousif, Ndubuisi, and Thompson. (*See* ECF No. 64-1 at PageID.1369-73.) Because Michigan law provided those former property owners with a mechanism to recover any surplus proceeds, no taking occurred. *Howard*, 133 F.4th at 571-72. They may bring a § 1983 takings claim *only if* they follow the statute's procedures for claiming surplus proceeds and are denied those proceeds. *Id.* at 572.

The *Howard* court also rejected the plaintiff's claim that § 78t does not provide just compensation because it does not award interest and attorney's fees and subtracts a 5% sales commission from the surplus. *Id.* at 573. The Sixth Circuit reasoned:

> But asking whether the Act provides just compensation is the wrong question. A county that complies with the Act by returning any surplus proceeds to the rightful owners when they claim it and keeps the surplus proceeds when

13

> they do not simply does not commit a taking.  Absent a
> taking, the imperative of just compensation does not
> arise.

*Id.* (citing *Nelson v. City of New York*, 352 U.S. 103, 110 (1956)).

For these reasons, the Court is denying Bowles' request to file an amended

pleading that includes any claims on behalf of any former owner whose property

was foreclosed after December 31, 2020. [6]  The Court also is dismissing without

prejudice Bowles' inverse condemnation claim on behalf of herself and any former

property owner—whether the property was foreclosed before or after the GPTA's

amendments.

This is because the express language of the statute makes § 211.78t "the

exclusive mechanism for a claimant to claim and receive any applicable remaining

proceeds *under the laws of th[e] state*."  Mich. Comp. Laws § 211.78t(11)

(emphasis added).  In *Schafer v. Kent County*, the Michigan Supreme Court held

that this provision applies retroactively and is the exclusive means *under state law*

to seek surplus proceeds.  *Id.* – N.W.3d --, 2024 WL 3573500, at *18-19 (2025).

Therefore, this Court concludes that Bowles' state-law inverse condemnation claim

must be dismissed.  *See In re Muskegon Cnty. Tr. for Foreclosure*, -- N.W.2d --,

---

[6] As Jackson and Henderson still have a separate pending lawsuit against Wayne
County, their counsel and counsel for Wayne County are directed to meet and
discuss how it should be resolved.  If they fail to agree on a resolution, they should
alert the Court, and a status conference will be scheduled to address the matter.

2023 WL 7093961 (Mich. Ct. App. Oct. 26, 2023), *leave to appeal denied* 11

N.W.2d 474 (Mich. 2024) (mem); *see also Hathon v. Michigan*, 17 N.W.3d 686,

686 n.1 (Mich. 2025) (explaining that "properly notified claimants must first utilize

the statutory process provided by § 211.78t for recovery of remaining post-

foreclosure sale proceeds before challenging the adequacy of or the application of

that process as applied to them").  The dismissal is without prejudice because, if

the statutory mechanism does not afford her relief, Bowles may then bring a claim

in state court.  For the same reason, it would be futile to assert a state-law claim in

an amended pleading.

### B.     Does the Applicable Statute of Limitations Bar a § 1983 Claim by Bowles or the Proposed Named Plaintiffs

The statute of limitations for a § 1983 claim brought in a Michigan federal

court is three years.  *Haines v. Fed. Motor Carrier Safety Admin.*, 814 F.3d 417,

430 (6th Cir. 2016) (citing *Carroll v. Wilkerson*, 782 F.2d 44, 45 (6th Cir. 1986));

*see also Garza v. Lansing Sch. Dist.*, 972 F.3d 853, 867 n.8 (6th Cir. 2020).  The

following chart reflects when, absent tolling, that period would have expired for

Bowles and the remaining proposed additional named plaintiffs, based on the

allegations in the pleadings: [7]

---

[7] As the Court is denying Bowles' request to file an amended complaint that
expands the lawsuit to foreclosures after the GPTA's amendment, it is not
considering the timeliness of claims by the proposed additional named plaintiffs

| Party | Foreclosure Judgment Date | Tax Auction Sale Date | Limitations Period Exp. (based on Foreclosure Judgment) | Limitations Period Exp. Date based on Tax Auction Sale |
|---|---|---|---|---|
| Bowles | 3/29/17 | 11/11/17 | 3/29/20 | 11/11/20 |
| Poydras | 3/31/14 | 10/2/14 | 3/31/17 | 10/2/17 |
| V&V Taylor Distributing | 3/31/12 | 12/18/12 | 3/31/15 | 12/18/15 |
| Myers | 3/31/19 | 10/10/19 | 3/31/22 | 10/10/22 |
| Sutton | 3/31/19 | 10/10/19 | 3/31/22 | 10/10/22 |
| Johnson | 3/31/18 | 11/16/18 | 3/31/21 | 11/16/21 |

(*See, e.g.*, ECF No. 8 at PageID.59-60 ¶¶ 14-16; ECF No. 64-1 at PageID.1362-68 ¶¶ 49-78.)

As reflected, absent tolling, the § 1983 claims of the proposed new plaintiffs are time barred.  Bowles' claim would be too, if the Court accepted Wayne County's accrual argument, which it does not.[8]  Thus, the Court turns to whether

representing Groups 2 or 3.

[8] Relying on *Lyndon's LLC v. City of Detroit*, No. 23-1895, 2024 WL 3427176 (6th Cir. 2024), and *Hall v. Meisner*, 51 F.4th 185 (6th Cir. 2022), Wayne County argues that a former property owner's § 1983 taking claim accrues when the foreclosure judgment became final and not when the tax auction sale generated surplus proceeds.  Based on that starting point, Wayne County maintains that Bowles' claims and the claims of the proposed additional named plaintiffs are time barred.  As this Court also recently explained in *Palakurthi*, the Sixth Circuit's holdings in *Hall* and *Lyndon's* are not applicable to tax auction sale cases.  *See* 2025 WL 1337029, at *2.  The Court adopts its reasoning for reaching that conclusion here.  The Court finds it unnecessary to say more here because the timeliness of the proposed new plaintiffs' claims is not dependent on whether the clock started with the foreclosure judgment or the tax auction sale; and, even if the clock began to run

the claims were tolled by *Wayside Church v. Van Buren County*, No. 14-cv-1274 (W.D. Mich. filed December 11, 2014), and/or the filing of the present matter.

The Supreme Court has held that "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 554 (1974). The statute of limitations remains tolled for all members of the putative class until the member intervenes in the action, class certification is denied, the court adopts a class definition that excludes the plaintiff(s), or the class definition otherwise changes to exclude the plaintiff(s). *See id.*; *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 353-54 (1983); *DeGeer v. Union Pac. R.R. Co.*, 113 F.4th 1035, 1039 (8th Cir. 2024) (citing *DeFries v. Union Pac. R.R. Co.*, 104 F4th 1091, 1099 (9th Cir. 2024); *Zaragoza v. Union Pac. R.R. Co.*, 112 F.4th 313, 320-21 (5th Cir. 2024)) (holding that a plaintiff's claims remain tolled pursuant to *American Pipe* "unless and until a court accepts a new [class] definition that unambiguously excludes them"); *In re WorldCom Sec. Litig.*, 496 F.3d 245, 255 (2d Cir. 2009) (indicating that individuals are treated as parties to the class action until "they cease to be members of the class—for instance, when they opt out or when the certification decision excludes

---

on Bowles' § 1983 action when the foreclosure judgment was entered, as discussed *infra*, it was tolled by *Wayside Church v. Van Buren County*, No. 14-cv-1274 (W.D. Mich. filed Dec. 11, 2014).

them").  "[T]he first step" when deciding whether a plaintiff benefits from

*American Pipe* tolling "is to determine whether [the] plaintiff's claims were part of

the original class definition in the [] action[.]"  *Ford Motor Co. v. BCBS of Mich.*

*Mut. Ins. Co.*, No. 23-cv-11286, 2024 WL 1396264, at *8 (E.D. Mich. Mar. 30,

2024) (quoting *Machesney v. Ramsgate Ins., Inc.*, No. 13-cv-11804, 2014 WL

2605479, at *3 (E.D. Mich. Jun. 10, 2014)).  The Court considers the class

definitions in *Wayside Church* first.

When *Wayside Church* was filed on December 11, 2014, the plaintiffs sought

to represent former owners of real property whose property was foreclosed and

sold due to tax deficiencies "by *all counties* within the State of Michigan acting as

foreclosing governmental units" and who did not receive the surplus proceeds from

the sale.  *See* Compl., No. 14-cv-01274 (W.D. Mich. Dec. 11, 2014), ECF No. 1 at

PageID.22 ¶ 22 (emphasis added).  All Michigan counties remained members of

the putative defendant class until the plaintiffs narrowed the class to the Western

District.  *See* Mot., *id.* (W.D. Mich. Dec. 14, 2020), ECF No. 108; *see also* Br. in

Support of Mot. to Certify Class, *id.* (Dec. 24, 2020), ECF No. 115.

While the Sixth Circuit has not addressed whether *American Pipe* tolling

applies to a putative member of a defendant class, most courts considering the

issue conclude that it does if the defendant is ultimately named as a defendant or

received actual notice of the pendency of the class action and its potential

involvement. *See, e.g., Appleton Elec. Co. v. Graves Truck Line, Inc.*, 635 F.2d 603, 609-10 (7th Cir. 1980); *Santana v. Wayne Cnty.*, No. 22-cv-12376, 2023 WL 5655511, at *5 (E.D. Mich. Aug. 31, 2023); *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, MDL No. 07-1873, 2010 WL 1663993, at *2-3 (E.D. La. Apr. 21, 2010); *Jenson v. Allison-Williams Co.*, No. 98-cv-2229, 1999 WL 35133748, at *5 (S.D. Calif. Aug. 23, 1999) (citing *In re Activision Sec. Litig.*, No. C-83-4639(A), 1986 WL 15339, at *3 (N.D. Cal. Oct. 20, 1986)); *Meadows v. Pac. Inland Sec. Corp.*, 36 F. Supp. 2d 1240, 1249 (S.D. Cal. 1999); *White v. Sims*, 470 So.2d 1191, 1193-94 (Ala. 1985); *see also* 1 H. Newberg, Class Actions § 4.52 at 388-89 (2d ed. 1985); *Statutes of Limitations & Defendant Class Actions*, 82 Mich. L. Rev. 347 (1983); *but see Chevalier v. Baird Sav. Ass'n*, 72 F.R.D. 140, 155 (E.D. Pa. 1976) (holding that *American Pipe* does not suspend the statute of limitations as to unnamed members of a defendant putative class).

In *Appleton Electric*, the Seventh Circuit held that *American Pipe* tolling applies "to all putative members of [a] defendant class" and "[w]here . . . the class is ultimately certified, . . . the statute is tolled as to any particular defendant until such time as he is notified of the suit and chooses to opt out." 635 F.2d at 610. The court reached this holding after considering the conflict between "the operation of the statute of limitations and [Federal Rule of Civil Procedure 23[,]" and concluding "that due process is not offended by the tolling doctrine, even

where a defendant has no notice of a suit until after the limitations period has run." *Id.* at 609 (citing *Am. Pipe*, 414 U.S. at 556-59).  The court reasoned "that 'effectuation of the purpose of litigative efficiency and economy' (which Rule 23 was designed to perform) transcends the policies of response and certainty behind the statute of limitations . . .." *Id*. (citing *Am. Pipe*, 414 U.S. at 556).  The Seventh Circuit further reasoned:

> A contrary rule would sound the death knell for suits brought against a defendant class, nullifying that part of Rule 23 that specifically authorizes such suits.  This, in turn, would have a potentially devastating effect on the federal courts.  Plaintiffs would, in each case, be required to file protective suits, pending class certification, to stop the running of the statute of limitations.

*Id.* 610.

Two judges in the Eastern District of Michigan have concluded that *Wayside Church* did not toll the claims of the plaintiffs before them: *Flummerfelt v. City of Taylor*, No. 22-cv-10067, 2024 WL 3520808, at *1 n.2 (E.D. Mich. July 24, 2024), and *Santana v. Cnty. of Wayne*, No. 22-cv-12376, 2023 WL 5655511, at *4 (E.D. Mich. Aug. 31, 2023).  The *Flummerfelt* court reasoned that "Wayne County was not included within the scope of the [*Wayside Church*] class, nor was Wayne County ever named in the suit."  2024 WL 3520808, at *1 n.2.  However, as discussed, Wayne County was identified as a putative member of the defendant class in *Wayside Church*, even if not expressly named as a defendant.

In *Santana*, the district court appeared to accept the extension of *American Pipe* tolling to the members of a putative defendant class with notice of the class action.  *See* 2023 WL 5655511, at *5 (first quoting *Am. Pipe*, 414 U.S. at 554-55, then quoting *Crown*, 462 U.S. at 355 (Powell, J., concurring) ("policies of ensuring essential fairness to defendants and of barring a plaintiff who 'has slept on his rights' . . . are satisfied when, as here, a named plaintiff who is found to be representative of a class commences a suit and thereby notifies the defendants not only of the substantive claims being brought against them," and "[w]hen thus notified, the defendant normally is not prejudiced by tolling of the statute of limitations.").  However, the *Santana* court concluded that *Wayside Church* did not toll the plaintiff's § 1983 takings claim against Wayne County and its treasurer because the court "[could] not say that [they]—despite being members of a putative class of defendants in a different suit—were on notice of the substantive claims brought against them."  *Id.*  The court relied on the defendants' assertion in the reply brief supporting their motion to dismiss "that they were never named defendants in *Wayside*, never entered an appearance in *Wayside*, and never participated as a party in *Wayside*."  *Id.*

Conspicuously absent from this assertion is that Wayne County or its treasurer lacked *notice* of *Wayside Church*.  Wayne County has not made that representation here, either.  Moreover, as this Court recently observed in

*Palakurthi*, it perhaps was premature on a motion to dismiss, and without allowing the plaintiff to conduct discovery on the issue, to accept the defendants' assertion—notably made only in briefing and without supporting evidence—that such notice was lacking.  *See* 2025 WL 1337029, at *4.

The plaintiff in *Palakurthi* presented documentation reflecting that Wayne County in fact received notice of its inclusion as a putative member of the *Wayside Church* defendant class in early 2015.  *Id.*  According to one of the attorneys who represented the *Wayside Church* plaintiffs, letters like the one attached to his affidavit were sent to 79 county treasurers in the State of Michigan on January 6, 2015.[9]  *Id.*; *see also* Aff., *Palakurthi*, No. 21-cv-10707 (E.D. Mich. Apr. 23, 2025), ECF No. 56-2.  In that letter, the attorney informed the treasurers that their "county may be a putative member of the Defendant Class in the class action lawsuit" and that "[t]he purpose of this communication is to put you on notice as to the filing of

---

[9] As there are actually 83 counties in Michigan, *see* https://perma.cc/DK33-NRBL, this Court wondered why counsel's letter was sent to only 79.  It finds a likely explanation in the fact that all Michigan counties do not serve as the Foreclosing Governmental Unit "(FGU") for tax delinquency foreclosures within their jurisdiction.  Under the GPTA, if a county chooses not to foreclose on property, the State can.  *See Hall*, 51 F.4th at 188 (citing Mich. Comp. Laws § 211.78(3)).  In 2009, twelve (12) counties utilized the State of Michigan as their FGU.  *See* https://perma.cc/JRC6-MA7W.  As of 2019, the State was the FGU for eight (8) counties.  While this does not demonstrate with certainty that Wayne County received counsel's letter, it is sufficient at this juncture to suggest that it did.

this case and your potential of being a member of the Defendant class." *Id.*  The

Civil Cover Sheet for *Wayside Church* was attached to the letter.  (*Id.*)

As such, it appears that Wayne County had notice of its inclusion in the

putative defendant class in *Wayside Church*.  The filing of that lawsuit therefore

tolled the claims of former Michigan property owners whose property was

foreclosed and sold due to tax deficiencies and who did not receive the surplus

proceeds.  When the named plaintiffs in *Wayside Church* narrowed the class action

to foreclosures in the Western District, Bowles initiated the current lawsuit on

behalf of former property owners whose property was foreclosed by Wayne County

"during the relevant statutorily-limited time period" (i.e., three years before the

lawsuit was filed for purposes of a § 1983 claim).[10]

The Court therefore continues to find that *Wayside Church* tolled the

limitations period for Bowles' § 1983 claim.  As such, even if the clock began to

run when the foreclosure judgment against her property was entered, the claim is

not time barred.  And when Bowles filed the current action on October 22, 2020,

---

[10] Bowles did not forfeit *American Pipe* tolling by filing this action before the
district judge in *Wayside Church* issued a class certification ruling because the
inclusion of the Eastern District of Michigan counties in that class had already
been foreclosed, *see In re Vertrue Inc. Mktg. & Sales Practices Litig.*, 719 F.3d
474, 480 (6th Cir. 2013) (declining to extend the forfeiture rule in *Wyser-Pratte
Management Co. v. Telxon Corp.*, 413 F.3d 553, 568-69 (6th Cir. 2005), where
developments "foreclosed the possibility" that a class would be certified to include
the unnamed members).

the statute of limitations had not yet expired for Myers, Sutton, or Johnson.  They

were included in the putative class defined in Bowles' Complaint and the class

eventually certified, as their properties were foreclosed upon and sold between

October 22, 2017 and July 17, 2020.  (See ECF No. 1 at PageID.9 ¶ 34; ECF No.

47.)  Thus, the filing of this action tolled their claims.

It did not toll the claims of Poydras or V&V Taylor Distributing, however,

because the class definition included only those claims within the statutorily-

limited time period—i.e., claims arising within three years before Bowles filed the

lawsuit on October 22, 2020.  The claims of Poydras and V&V Taylor Distributing

arose well beyond this window.  Even if *Wayside Church* tolled their claims, the

statute of limitations started to run when the Eastern District of Michigan counties

(e.g., Wayne County) were removed from the putative defendant class, and the

limitations expired well before Bowles sought to include them in her currently

proposed amended pleading.  It also expired before they joined Case No. 22-cv-

11647 on November 22, 2022.[11]  Thus it would be futile to include them in any

pleading amendment.

---

[11] Their counsel and counsel for Wayne County are directed to meet and discuss
how this separate lawsuit should be resolved.  If they fail to agree on a resolution,
they should alert the Court, and a status conference will be scheduled to address
the matter.

## C.   Futility Based on Adequacy of Representation

Wayne County contends that it is the plaintiff's burden to satisfy the requirements for class certification under Federal Rule of Civil Procedure 23, including showing that the named plaintiffs are adequate representatives.  This burden, Wayne County asserts, "requires a named plaintiff to offer 'significant' evidentiary proof that he can meet all criteria' under the rule."  (ECF No. 8 at PageID.1455 (quoting *In re Ford Motor Co.*, 86 F.4th 723, 725-26 (6th Cir. 2023) (ellipsis omitted).)  Wayne County maintains that there is insufficient information concerning the individuals Bowles seeks to add as named plaintiffs in the proposed amended pleading to satisfy this burden.

There is a difference, however, between what a plaintiff must show when moving to certify a class and what must be alleged to satisfy a plaintiff's pleading requirements.  The Sixth Circuit's statements, which Wayne County quotes in its brief, concerning "significant evidentiary proof" and "engag[ing] in a 'rigorous analysis' showing that the named plaintiff meets all of Rule 23's requirements," arise in the context of motions to certify a class.  (*See* ECF No. 8 at PageID. 1455.)  The Sixth Circuit noted this distinction when addressing class certification here.  *See Bowles*, 121 F.4th at 548 ("the district court did not require Bowles to actually prove, rather than plead, that her class complied with Rule 23"); *id.* at 549 ("Ordinarily, courts need more information than the pleadings provide to analyze"

25

whether to certify a class); *see also Anderson Living Tr. v. ConocoPhillips Co.*, 952 F. Supp. 2d 979, 1058 (D.N.M. 2013) ("[T]he heavy lifting is done at the class certification hearing, rather than on a motion to dismiss.").

The Federal Rules of Civil Procedure include heightened pleading requirements for fraud claims and shareholder derivative actions, *see* Fed. R. Civ. P. 9(b), 23.1(b), not class actions, *see* Fed. R. Civ. P. 23.  A class action pleading must allege facts to satisfy the requirements of Rule 23; however, those factual allegations are still judged under the "fair notice" standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  *See* Charles A. Wright & Arthur R. Miller, Fed. Practice & Procedure § 1798 (3d ed.) (footnote omitted) ("All of the pleading provisions of the federal rules are applicable in class actions and operate in much the same fashion as they do in other litigation contexts. . . . No greater particularity is necessary in stating the claim for relief in a class action than in other contexts."); *see also Iqbal*, 556 U.S. at 684 (quoting Fed. R. Civ. P. 1) (providing that Rule 8 "governs the pleading standard 'in all civil actions and proceedings in the United States district courts'" with the lone exception being the heightened pleading requirements in Rule 9).  Bowles' proposed amended pleading contains sufficient factual allegations to address Rule 23's requirements.  This includes allegations suggesting that the proposed new plaintiffs are adequate class representatives.

26

### D.     Undue Delay and Prejudice

While Wayne County argues undue delay and prejudice, its claim of prejudice is focused primarily on Bowles' proposed expansion of this lawsuit to include post-GPTA amendment foreclosures.  The Court found that expansion to be futile earlier in this decision.  Thus, the Court is left to ask whether there has been undue delay by Bowles in seeking to refine her claim on behalf of former owners of Wayne County property impacted by pre-amendment foreclosures and to add more of those individuals as named plaintiffs; and, whether Wayne County will be prejudiced by these amendments.

The Court does not find that Bowles unduly delayed seeking the amendments to her claims on behalf of this group of former property owners.  The relevant law has continuously and significantly evolved in the time this lawsuit has been pending—including while the parties' present motions were pending—requiring amendments to Bowles' pleading.  The Sixth Circuit's recent decision vacating the class certification, which raised concerns as to whether the matter should proceed as a class action and whether Bowles is an adequate representative of any future class, supports the inclusion of additional named plaintiffs who wish to protect their individual rights.

Even if Bowles unduly delayed seeking the current proposed amendments, Wayne County fails to demonstrate prejudice resulting from the amendments this

Court has indicated it will allow. As stated earlier, delay alone is insufficient to support the denial of a motion to amend.

## V.   Summary and Additional Observations

For the reasons discussed, the Court concludes that § 78t does not preempt § 1983 takings claims brought on behalf of former Michigan property owners whose property was sold at a tax auction sale before the State legislature amended the GPTA to include a mechanism for recouping any surplus proceeds. Section 78t is the exclusive mechanism under state law, however. Thus, Bowles' state-law inverse condemnation claim must be dismissed without prejudice, and it would be futile for any amended pleading to include such a claim at this time.

It also would be futile for Bowles to expand the lawsuit at this time to include former property owners whose property was foreclosed upon and sold after the GPTA was amended to provide a mechanism for claiming surplus proceeds. The Sixth Circuit has held that the procedures established by these amendments "*prevent* a taking from happening in the first place." *Howard*, 133 F.4th at 572. And, "[a]bsent a taking, the imperative of just compensation does not arise." *Id.* at 573. A taking will occur only if a claim for the surplus proceeds is made and denied. *Id.*

Lastly, Bowles' claims are not time barred, nor are the proposed § 1983 claims of Myers, Sutton, or Johnson. Wayne County fails to demonstrate why the

addition of these named plaintiffs would otherwise be futile, or how it would be prejudiced by their inclusion in this litigation.  It would be futile to assert § 1983 claims on behalf of Poydras and V&V Taylor Distributing, however, as those claims are barred by the applicable statute of limitations.

Before concluding, and allowing Bowles to file an amended pleading, the Court makes two observations concerning that pleading.  First, Bowles' proposed amended pleading includes three "counts," apart from a state-law inverse condemnation claim, on behalf of "Group 1."  These "counts" are titled:

> Count 1A: "Fifth Amendment Taking 42 U.S.C. § 1983";
>
> Count 1B: "Fifth Amendment Taking (of Five Percent and interest) 42 U.S.C. § 1983; and
>
> Count 1C: "Section 78t/Shady Grove Return of 'Remaining Proceeds'"

(*See* ECF No. 64-1 at PageID.1395-1400.)  Yet there really is only one claim here: a § 1983 takings claim in violation of the Fifth and Fourteenth Amendments.

Separate substantive "claims" are not stated by former property owners' asserted entitlement to the five percent "sales commission" Wayne County allegedly has deducted from the sales proceeds or the interest on the surplus. Instead, these relate to the damages owed to former property owners *if* they prevail on their takings claim.  "Count 1C" addresses whether § 78t preempts a federal § 1983 takings claim.  This is an issue to resolve—to the extent it has not been

already—when deciding the viability of a § 1983 claim brought by the named plaintiffs and the members of any certified class.[12]

Second, the proposed amended complaint, like Bowles' earlier pleadings, groups together former property owners whose property was sold at a tax auction sale before July 17, 2020, but within three years of the filing of this lawsuit. The July 17, 2020 date made sense before *Rafaeli* was held to apply retroactively, as that was the date of the Michigan Supreme Court's decision. But now that the Michigan Supreme Court has held that it does, *see Schafer v. Kent Cnty.*, 2024 WL 3573500, at *17, it seems that the closing date for the putative class should be December 31, 2020—the date the Michigan legislature's amendments to the GPTA in response to *Rafaeli* took effect.

Whether a class will eventually be certified to encompass all former property owners whose property was sold at a tax auction sale within that window will be decided later. But at this stage, Bowles' counsel should consider the legal developments since this lawsuit was filed when proposing a definition for the putative class. This includes whether a reason remains for using the July 17, 2020 date.

---

[12] To the extent Bowles is seeking a declaratory ruling with respect to these issues, she should more specifically say so.

To conclude, the Court is **GRANTING IN PART AND DENYING IN PART** Wayne County's Rule 12(c) motion (ECF No. 63.)  The Court is dismissing without prejudice Bowles' state-law inverse condemnation claim, only.  Her § 1983 takings claim survives the motion.

The Court is **GRANTING IN PART AND DENYING IN PART** Bowles' motion to file an amended complaint.  (ECF No. 64.)  She may amend her pleading to add **_a_** § 1983 takings claim brought by herself, Myers, Sutton, and Johnson on behalf of a putative class of former property owners whose Wayne County properties were foreclosed and sold at a tax auction sale *before* the amendments to the GPTA took effect.  She may not include in the amended pleading claims on behalf of former Wayne County property owners whose properties were foreclosed *after* the effective date of the amendments.  The amended pleading shall be filed within fourteen (14) days of this decision.

s/ Linda V. Parker           

LINDA V. PARKER

U.S. DISTRICT JUDGE

Dated: June 4, 2025