UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TONYA BOWLES,

      Plaintiff,

v.

      Case No. 23-cv-10973
      (Previous Case No. 20-cv-12838)
      Honorable Linda V. Parker

COUNTY OF WAYNE,

      Defendant.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR ORDER TO LIMIT AND CORRECT WAYNE COUNTY'S EX PARTE COMMUNICATIONS TO CLASS MEMBERS

On November 4, 2024, while this Court's class certification order in this action was still in place, Plaintiff filed a motion seeking to preclude Defendant Wayne County (hereafter "County") from communicating ex parte with class members and the issuance of a notice correcting alleged false, deceptive, and incomplete information in previous communications. (ECF No. 56.) The motion has been fully briefed. (ECF Nos. 57, 59, 60.) Although the Sixth Circuit Court of Appeals vacated the class certification in this matter shortly after Plaintiff's motion was filed, *see Bowles v. Sabree*, 121 F.4th 539 (6th Cir. 2024), the outcome of Plaintiff's motion does not turn on whether this is a certified class action or a putative class action. *See Gulf Oil Co. v. Bernard*, 452 U.S. 89 (1981); *Tolmasoff v. Gen. Motors, LLC*, No. 16-cv-11747, 2016 WL 3548219, at *10 (E.D. Mich.

June 30, 2016) (collecting cases and finding that Rule 23(d) "authorizes a court to enjoin a named party from communicating with unnamed potential class members"); *Scott v. Chipotle Mexican Grill, Inc.*, No. 12-cv-08333, 2014 WL 4852063, at *2 (S.D.N.Y. Sept. 29, 2014) (collecting cases). It does turn on whether the County's communications are in fact false, deceptive, and incomplete. As the Honorable Thomas L. Ludington recently found in a similar case filed by taxpayers whose properties were foreclosed upon and sold at auction by other Michigan counties, they are not. Thus, the Court is denying Plaintiff's motion.

Federal Rule of Civil Procedure 23 provides that, in class action litigation, the district court may impose conditions on the representative parties and their counsel, including limiting communications between representative parties and potential class members. Fed. R. Civ. P. 23(d)(1)(C). "Because of the potential for abuse, a district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties." *Gulf Oil*, 452 U.S. at 100. However, "this discretion is not unlimited." *Id.* (citation omitted).

"[A]n order limiting communications between parties and potential class members should be based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties." *Id*. at 101. "[S]uch a weighing—identifying the potential abuses

2

being addressed—should result in a carefully drawn order that limits speech as little as possible, consistent with the rights of the parties under the circumstances." *Id*. at 102.  "To the extent that the district court is empowered to restrict certain communications in order to prevent frustration of the policies of Rule 23, it may not exercise the power without a specific record showing by the moving party of the particular abuses by which it is threatened." *Id*. (quoting *Coles v. Marsh*, 560 F.2d 186, 189 (3d Cir.), *cert. denied*, 434 U.S. 985 (1977)) (brackets and ellipsis omitted).  There must be "a clear record and specific findings of [a] need[]" for an order limiting communications.  *Id*. at 104.

In *Fox v. County of Saginaw*, No. 19-cv-11887, 2025 WL 354516 (E.D. Mich. Jan. 31, 2025), the plaintiffs sought to enjoin the Michigan counties sued as defendants from sending notices to taxpayers whose properties were auctioned by the counties before the General Property Tax Act's December 2020 amendments. *Id*. at *1.  The notice informed the taxpayers of the impending deadline (i.e., March 31, 2025) to comply with the statutory process created by the amendments to reclaim their surplus proceeds from the counties.  *Id*.  The notice at issue in *Fox* is similar to the communications at issue in the present matter, notably in that they also did not mention the pending putative class action lawsuit.  *See* Exhibit 2 to Mot., *Fox*, No. 19-cv-11887 (E.D. Mich. Jan. 29, 2025), ECF No. 466-3 at PageID.11813.

3

The plaintiffs in *Fox* argued that the notice was abusive because it lacked information about the pending putative class action and could encourage putative class members to use the statutory process to recover surplus proceeds, so the counties could then argue that they waived their right to pursue relief through their federal remedies. 2025 WL 354516, at *4. Judge Ludington found, however, that the counties were notifying taxpayers about the statutory process for claiming surplus remedies to satisfy the notice requirements under the Fourteenth Amendment's Due Process Clause. *Id*. Judge Ludington further found that the notice did not contain any misleading information about that process. *Id*. And to the extent the plaintiffs believed the counties intended to later argue that use of the statutory process cut off a taxpayers ability to seek relief in federal court, Judge Ludington explained that "the Sixth Circuit recently issued decisions that, in many ways, undercut [the counties'] ability to make such arguments." *Id*. (citing *Pung v. Kopke*, No. 22-1919, 2025 WL 318222, at *4 (6th Cir. Jan. 28, 2025) (noting that Fifth Amendment takings compensation requirements are "independent of any compensation remedy available under state law").

This Court makes the same findings with respect to the County's communications with the putative class members in the current action. The communications are neither false, deceptive, or incomplete. While Rule 23 may confer upon this Court the authority to restrict the County's communications to

putative class members, it may not do so without evidence of the particular abuses threatened by those communications.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Order to Limit and Correct Wayne County's Ex Parte Communications (ECF No. 56) is **DENIED**.

Date:

                                              s/ Linda V. Parker
                                              LINDA V. PARKER
                                              U.S. DISTRICT JUDGE

Dated: July 30, 2025