UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TONYA BOWLES, DOUGLAS C.
MYERS, GERRILYN SUTTON, and
MARCIA JOHNSON, for themselves
and all those similarly situated,

        Plaintiffs,

v.

COUNTY OF WAYNE,

        Defendant.

_____/

Case No. 23-cv-10973
(Previous Case No. 20-cv-12838)
Honorable Linda V. Parker

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR INJUNCTION ENJOINING WAYNE COUNTY'S § 78t RELEASE PRACTICES (ECF NO. 97) AND DENYING AS MOOT MOTION TO EXPEDITE (ECF NO. 98)**

## I.    INTRODUCTION AND BACKGROUND

On November 3, 2025, Plaintiffs filed a "Motion for Issuance of Writ Under the All-Writs Act, or Alternatively for Injunction, Enjoining Wayne County's § 78t Release Practices." (ECF No. 97.) In the filing, Plaintiffs complain about Wayne County's negotiation practices with putative class members filing claims for surplus proceeds pursuant to the Michigan General Property Tax Act ("GPTA"), Mich. Comp. Laws § 211.78t. (ECF No. 97 at PageID.1980.) Specifically, Plaintiffs allege that Wayne County is pursuing the waiver and release of all claims

1

against the county, including 42 U.S.C. § 1983 constitutional claims and class rights in this pending action, to pick off potential class members.  (*Id.*)

Wayne County filed a response to Plaintiffs' motion on November 24, 2025. (ECF No. 101.)

For the reasons set forth below, the Court is granting Plaintiffs' motion for an injunction insofar as it enjoins the County from seeking and obtaining a waiver and release in the state court that exceeds the scope of § 78t(9) without adequately notifying putative class members of this pending class action.  However, the Court is denying Plaintiffs' request for an order enjoining Wayne County from seeking and obtaining § 78t orders containing a waiver and release provision broader than § 78t(9) requires when it provides adequate notice of this pending class action and the claimant can freely and knowingly agree to such a provision.  Put simply, the Court is enjoining Wayne County from negotiating for a waiver and release of claims beyond those related to the foreclosed property pursuant to § 211.78t(9) without making putative class members aware of this pending class action.  As discussed again below, the issue of whether such a release is in fact enforceable to preclude a class member from seeking additional relief pursuant to a § 1983 takings claim is not yet ripe for review.

2

## II.   MOTION FOR INJUNCTION ENJOINING 78t RELEASE PRACTICES

### i.   The All-Writs Act is Inapplicable

Plaintiffs first seek injunctive relief through the All-Writs Act, which permits federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."  28 U.S.C. § 1651(a).  The Act is often invoked in federal courts where a party's actions or other circumstances threaten to disrupt the court's jurisdiction or to enforce a court's prior judgments.  *See In re Columbia/HCA Healthcare Corp. Billing Pracs. Litig.*, 93 F. Supp. 2d 876 (M.D. Tenn. 2000); *see also United States v. N.Y. Tel. Co.*, 434 U.S. 159, 172 (1977) ("This Court has repeatedly recognized the power of a federal court to issue such commands under the All-Writs Act as may be necessary to . . . prevent the frustration of orders it has previously issued.").

The Supreme Court has stated that All-Writs Act injunction power should be used "sparingly and only in the most critical and exigent circumstances."  *Ohio Citizens for Responsible Energy, Inc. v. NRC*, 479 U.S. 1312, 1313 (1986) (Scalia, J., in chambers) (quoting *Fishman v. Schaffer*, 429 U.S. 1325, 1326 (1976) (Marshall, J., in chambers)).  As required by the statute, All-Writs Act injunctions must be "necessary or appropriate."  28 U.S.C. § 1651(a).  If there are alternative remedies available, an All-Writs Act injunction is unnecessary.  *See Clinton v.*

3

*Goldsmith*, 526 U.S. 529, 537 (1999) (denying All-Writs Act injunction where other relief existed).

As discussed below, the All-Writs Act is unnecessary for Plaintiffs' requested injunction because an alternative remedy exists under Federal Rule of Civil Procedure 23(d)(1)(B).

As it relates to Plaintiffs' request for an injunction enjoining Wayne County from obtaining state court orders related to § 78t claims, Wayne County correctly asserts that the Anti-Injunction Act precludes the issuance of such an injunction. (ECF No. 101 at PageID.2093-2105.) When a federal court issues an injunction under the All-Writs Act to enjoin a state court proceeding, it is limited by the Anti-Injunction Act. *See* 28 U.S.C. § 2283. A federal court may stay proceedings in a state court only if one of the Anti-Injunction Act's three enumerated exceptions is met: (1) when expressly authorized by Act of Congress, (2) where necessary in aid of its jurisdiction, or (3) to protect or effectuate its judgments. *Id*.

"Any doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy." *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 297 (1970). "The [Anti-Injunction] Act's 'message is one of respect for state courts,' namely that they should 'remain free from interference by federal courts.'" *Hanover Am. Ins. Co. v. Tattooed*

4

*Millionaire Ent.*, 38 F.4th 501, 505 (6th Cir. 2022) (quoting *Smith v. Bayer Corp.*, 564 U.S. 299, 306 (2011)). "As a result, its exceptions 'are narrow' and should not 'be enlarged by loose statutory construction.'" *Id.* (quoting *Smith*, 564 U.S. at 306).

The Sixth Circuit has made clear that the Act's "necessary in aid of its jurisdiction" exception applies in only two instances: "1) when the case is removed from state court or 2) where the federal court has in rem or quasi in rem jurisdiction over specific property." *Hanover Am. Ins. Co.*, 38 F.4th at 508. As Wayne County correctly asserts, the present action fits neither category because it was not removed from state court, nor does this Court exercise in rem or quasi in rem jurisdiction. (ECF No. 101 at Page.ID.2013.)

The Anti-Injunction Act's third exception, which permits injunctions necessary "to protect or effectuate [the court's] judgments," is inapplicable here as well. 28 U.S.C. § 2283. It is "commonly referred to as the 'relitigation exception.'" *Huguley v. Gen. Motors Corp.*, 999 F.2d 142, 145 (6th Cir. 1993). The third exception "is intended to implement 'well-recognized concepts of res judicata and collateral estoppel.'" *202 N. Monroe, LLC v. Sower*, 850 F.3d 265, 271 (6th Cir. 2017) (quoting *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 147 (1988)). It "applies only as necessary to protect or effectuate a federal court judgment[.]" *Id.* (quoting *Hatcher v. Avis Rent-A-Car, Inc.*, 152 F.3d 540, 543 (6th

5

Cir. 1998)). "[T]o apply, the claim or issue raised in state court must have been previously presented to and actually decided by a federal court." *Id.* at 271-72 (quoting *Chick Kam Choo*, 486 U.S. at 147). "Additionally, the parties in the state proceeding must be bound by the prior federal judgment." *Id.* at 272 (citing *Smith*, 564 U.S. at 312). As this Court has previously found, "there is no judgment in the present action to protect or effectuate." *Bowles v. Sabree*, No. 23-cv-10973, 2024 WL 416375, at *2 (E.D. Mich. Feb. 5, 2024).

The Court concludes that the All-Writs Act is an inapplicable source for Plaintiffs' requested injunction because none of the Anti-Injunction Act's exceptions are met.

### ii. Legal Standard for Rule 23(d) Orders[1]

> In conducting an action under [Rule 23], the court may issue orders that . . . require–to protect class members and fairly conduct the action–giving appropriate notice to some or all class members of: (i) any step in the action; (ii) the proposed extent of the judgment; or (iii) the members' opportunity to signify whether they consider the representation fair and adequate, to intervene and present claims or defenses, or to otherwise come into the action[.]

Fed. R. Civ. P. 23(d)(1)(B).

---

[1] Plaintiffs cite Fed. R. Civ. P. 65 as the basis for seeking a preliminary injunction. However, courts indicate that this is not the proper rule in this scenario. *See, e.g.*, *Tolmasoff v. Gen. Motors, LLC.*, No. 16-11747, 2016 WL 3548219, at *10 (E.D. Mich. June 30, 2016) (citing *Kleiner v. First Nat. Bank of Atlanta*, 751 F.2d 1193, 1201 (11th Cir. 1985)) ("[T]he source of the Court's authority to enjoin abusive communications is Rule 23(d) rather than Rule 65[.]").

The Supreme Court has held that a Rule 23(d) order affecting a party's communications "should be based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101 (1981) (footnote omitted). The Sixth Circuit has applied the *Gulf Oil* standard to communications directed at class members but has required such orders to be "'carefully drawn' to 'limit[] speech as little as possible'" to respect a party's First Amendment rights. *Fox v. Saginaw Cnty.*, 35 F.4th 1042, 1047 (6th Cir. 2022) (alteration in original); *see also Wayside Church v. Van Buren Cnty.*, 103 F.4th 1215, 1221 (6th Cir. 2024) (quoting *Fla. Bar v. Went For It, Inc.*, 515 U.S. 18, 623 (1995)) ("[I]n the years since *Gulf Oil*, the Supreme Court has held that attorney communications with potential clients is attorney speech and, as such, 'is accorded a measure of First Amendment protection.'"). The Sixth Circuit reinforced such an application of the *Gulf Oil* standard in *Wayside Church*, where it affirmed the district court's imposition of a Rule 23(d) order where a party's communications "threaten[ed] the interference with the proper administration of a class action." *Wayside Church*, 103 F.4th at 1222 (internal quotation marks omitted).

As it relates to motion requirements, a plaintiff seeking a Rule 23(d) injunction "does not have to establish the four preliminary-injunction factors to obtain such an injunction." *Tolmasoff*, at \*10 (citing *Kleiner*, 751 F.2d at 1201).

Instead, to satisfy the requirements of a Rule 23(d) order, "the moving party must demonstrate that the actual or anticipated communications are or will be abusive in that they threaten the proper functioning of the litigation." *Id.* at *11 (citation modified). Though attempts to settle with class members are not necessarily abusive, "[e]xamples of abusive communications are those that are false or misleading, *contain material omissions*, or are coercive or intimidating." *Id.* at *11 (emphasis added) (citations omitted). A failure to notify putative class members of a related pending class action constitutes a material omission. *See Slamon v. Carrizo (Marcellus) LLC*, No. 3:16-CV-2187, 2018 WL 3615989, at *3 (M.D. Pa. July 27, 2018). Therefore, because Wayne County has not notified § 78t claimants of this pending class action in its negotiations, such a material omission is abusive within the scope of Rule 23(d) and the case law interpreting it.

### iii. Rule 23(d)(1)(B) Provides for Plaintiffs' Requested Injunction

Plaintiffs' requested injunction is factually similar to the injunction issued in *Friedman v. Intervet Inc.*, 730 F. Supp. 2d 758 (N.D. Ohio 2010). In that case, the defendant sent settlement letters to claimants that failed to disclose a related, pending putative class action. *Id.* at 160. Granting in part an injunction requiring the defendant to give notice of the putative class action to claimants, the court held that "[a] defendant's failure to mention even an uncertified class action in securing settlements or releases from putative class members may be 'misleading.'" *Id.* at

8

762 (citations omitted).  Even where a defendant's behavior is "misleading, but neither coercive nor abusive, . . . [such] behavior merits only the relatively minor limitation" imposed on the defendant through an injunction requiring class action notice to claimants.[2]  *Id.* at 766.

The injunction issued in *Friedman* applied to a putative class.  *Id.* at 766-67 (granting injunction for pending putative class action).  The fact that a class is not certified at present does not bar a Rule 23(d) order.  *Id.*  Further, the Northern District of Ohio issued such an injunction despite the "unlikelihood of class certification" because inaction would undermine "the purposes of Rule 23 and class actions."  *Id.* at 764-65 (footnote omitted).

Absent a showing to the contrary, there is no indication that Wayne County has adequately notified § 78t claimants who may be eligible to join this pending class action of its existence.  The Court is particularly troubled by the possibility for potential class members who submit a § 78t claim form and proceed with negotiations to unknowingly release their federal constitutional takings claim under § 1983 and exclude themselves from a class of which they are unlikely aware.  In

---

[2] Although *Friedman* did not find a lack of notice to be abusive, this decision was issued eight years before *Slamon*, which found that a lack of notice constituted a material omission.  For the reasons discussed above, this Court maintains that a lack of notice of a pending class action in negotiations with putative class members constitutes a material omission and is therefore abusive, given the examples listed in *Tolmasoff*.  *See supra*; *Tolmasoff*, 2016 WL 3548219 at *11.

other words, Wayne County's practice of negotiating releases and waivers from potential class members is abusive because it fails to provide claimants with adequate notice of this pending class action such that they can make an informed decision as to their options.  *See Tolmasoff,* 2016 WL 3548219 at *11.  A claimant unaware of a class action cannot make an informed decision regarding their class eligibility and settlement options.

The Court acknowledges and agrees with Wayne County that an absolute bar on § 78t orders containing a waiver and release provision that exceeds the scope required by § 78t(9) could restrict the parties' freedom of contract.  However, a claimant does not freely contract when they are asked to waive and release claims they are unaware of or are led to believe they must waive to obtain relief under the GPTA.  *See Morrison v. Cir. City Stores, Inc.*, 317 F.3d 646, 668 (6th Cir. 2003) (en banc) (explaining the knowing and voluntary standard for contractual consent).

This Court is mindful of "'a defendant['s] . . . right to communicate settlement offers directly with putative class members.'"  *Tolmasoff*, 2016 WL 3548219 at *10 (citing *Jones v. Jeld-Wen, Inc.*, 250 F.R.D. 554, 562 (S.D. Fla. 2008)).  The Court issues this injunction "with a heightened sensitivity for First Amendment concerns."  *Friedman*, 730 F. Supp. 2d at 762 (citing *Kleiner*, 751 F.2d at 1205-06).  Similar to the injunction issued in *Friedman*, this order is "drawn as narrowly and least imposingly as possible" and will "last only as long as

is required for protection of the putative class members' rights in this regard."
*Id.* (citing *Kleiner*, 751 F.2d at 1206).

Accordingly, the Court does not enjoin Wayne County from negotiating with § 78t claimants, nor does it require Wayne County to refrain from seeking waiver and release provisions beyond the scope required by § 78t(9).  Instead, when Wayne County negotiates for a waiver and release of claims with claimants who may be eligible to join this class action, the Court is requiring that the County adequately notify putative class members of this pending class action.  Section 78t claimants can then make an informed decision regarding whether to proceed with a settlement, join this putative class, or pursue another option.

The Court is also requiring Wayne County to make clear in its negotiations with § 78t claimants that § 78t(9) does not require a waiver of any claims beyond those arising under the GPTA.  The GPTA states that § 78t orders obtained from state courts "must provide that any further claim by a claimant *under this act* relating to the foreclosed property is barred."  Mich. Comp. Laws § 211.78t(9) (2020) (emphasis added).  A plain reading of this statute indicates that § 78t(9) only requires the waiver and release of further GPTA claims related to the foreclosed property.  As this Court has found, the Supreme Court and the Sixth Circuit have clearly held that the language used in § 78t does not bar § 1983 and the other federal claims pursued in this class action.  *See Bowles v. Sabree*, No. 22-

cv-1912, 2024 WL 1550833, at *3 (6th Cir. Apr. 10, 2024) (permitting federal constitutional claims against Wayne County) (citing *N. Ins. Co. of N.Y. v. Chatham Cnty.*, 547 U.S. 189, 193 (2006)).

### iv.    Good Cause Exists for this Injunction

Courts generally examine four criteria in determining if "good cause" exists when evaluating an order limiting communications regarding ongoing litigation between a class and class opponents with respect to First Amendment concerns: "[1] the severity and likelihood of the perceived harm; [2] the precision with which the order is drawn; [3] the availability of a less onerous alternative; [4] and the duration of the order." *Id.* (citing *Kleiner*, 751 F.2d at 1206).

Applying these factors, there exists good cause for this order.  First, the harm is both likely and severe because, as discussed above, putative class members may unknowingly waive their rights to a § 1983 takings claim and eligibility to this putative class action.  At the time of their Response, Wayne County itself states that eighty-three orders containing the waiver and release provision Plaintiffs' complain of had already been issued.  (*See* ECF No. 101 at Page.ID 2097-98.) ("Fifty-three of these stipulations have already been entered" from claimants who engaged with Deldin Law PLLC with another "[t]hirty of these stipulations" entered from claimants who engaged with Perkins Law Group PLLC).  This harm is not only likely, but ongoing.  *Id.* (stating that many claims are currently pending

12

circuit court approval).  Second, this order is narrow.  It does not enjoin all communications between Wayne County and potential class members, nor does it enjoin the pursuit of the kind of waiver and release provision Wayne County has previously obtained.  Instead, it requires only notice of this pending class action during negotiations and clear communication regarding the scope of the waiver requirement in § 78t(9) to allow claimants to make an informed decision regarding their § 78t claim.  Third, given that this notice requirement is not unduly intrusive on Wayne County's First Amendment rights, the Court cannot identify a less onerous alternative.  Finally, as indicated above, this order is not permanent and lasts only as long as necessary to protect the rights of putative class members.

The Court declines to reach the validity of stipulations entered prior to the issuance of this order.  "[S]uch an order is premature."  *Friedman*, 730 F. Supp. 2d at 767.  "[T]he proper time for any such inquiry is *after* class certification, as invalidation of settlements is a drastic step that [this Court] do[es] not intend to take lightly."  *Id.* (citing *Rubery v. Buth-Na-Bodhaige, Inc.*, 514 F. Supp. 2d 431, 435 (W.D.N.Y. 2007).  This Court "retain[s] the ability to set aside releases subsequently if [it] later find[s] they are not voluntary or knowing."  *Id.* (citations omitted).

## III.   CONCLUSION

For the reasons described above, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiffs' Motion for Issuance of Writ Under the All-Writs Act, or Alternatively for Injunction, Enjoining Wayne County's § 78t Release Practices pursuant to Federal Rule of Civil Procedure Rule 23(d)(1)(B) (ECF No. 97).  The motion to expedite (ECF No. 98) is **DENIED AS MOOT**.

**IT IS HEREBY ORDERED THAT** Wayne County shall inform 78t claimants (a) of this pending class action when seeking or negotiating for a waiver and release provision that exceeds the scope of § 78t(9), clearly explaining that § 78t(9) requires only the waiver of claims under the General Property Tax Act and the waiver sought or negotiated applies to all claims, and (b) of the names and contact information of Plaintiffs' counsel in this pending putative class action.  As discussed above, Wayne County shall not lead claimants to believe that the scope of § 78t(9)'s waiver requirement applies beyond claims arising under the GPTA.

**IT IS SO ORDERED**.

Dated: July 7, 2026                                    s/LINDA V. PARKER
                                                              U.S. DISTRICT JUDGE

14